827 F.2d 373
 ECONOMY FIRE AND CASUALTY COMPANY, Appellee,
v.
TRI-STATE INSURANCE COMPANY OF MINNESOTA, Appellant.
ECONOMY FIRE AND CASUALTY COMPANY, Appellee,
v.
Norma SCHRADER, Don Schrader, Jane Schrader, David Schrader,
and Eugene Schrader, Appellants.
ECONOMY FIRE AND CASUALTY COMPANY, Appellee,
v.
Marlys VANDERWERF and Kevin Vanderwerf, Appellants.
 Nos. 86-5392, 86-5393 and 86-5394.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 15, 1987.
Decided Aug. 28, 1987.
 
 Michael J. Shaffer, Sioux Falls, S.D., for appellant.
 Gary P. Thimsen, Sioux Falls, S.D., for appellee.
 Before ARNOLD, Circuit Judge, WRIGHT* and HENLEY, Senior Circuit judges.
 ARNOLD, Circuit Judge.
 
 
 1
 This is an action for a declaratory judgment. The question is whether plaintiff Economy Fire & Casualty Co. is liable on an automobile liability insurance policy it issued to defendant Marlys Vanderwerf for a red Camaro. On July 4, 1985, defendant Kevin Vanderwerf, Marlys Vanderwerf's nineteen-year-old son, was driving the car and was in a traffic accident with defendants Norma, Don, Jane, David, and Eugene Schrader, in which the Schraders suffered personal injuries. That accident precipitated this lawsuit. The other defendant, Tri-State Insurance Co. of Minnesota, carries uninsured- and underinsured-motorist coverage for the Schraders. Its coverage would presumably apply if Economy's doesn't. Federal jurisdiction is based on diversity of citizenship.
 
 
 2
 Economy Fire claims that Marlys Vanderwerf's application for the policy contained material misrepresentations which bar coverage under a South Dakota statute, S.D. Codified Laws Ann. Sec. 58-11-44.[1] The alleged misrepresentations are that Marlys Vanderwerf failed to disclose (though asked) that Kevin was a member of her household and would be an occasional driver of the Camaro. Defendants claimed that there were no misrepresentations and that, even if there were, Economy Fire's agent, Chuck Haberer, had reason to know Kevin might drive the Camaro occasionally, so that Economy Fire was estopped to deny coverage.
 
 
 3
 At trial, the District Court[2] propounded three special interrogatories to the jury, asking whether (1) Vanderwerf read the insurance application before she signed it, (2) Haberer in substance asked her if there were any occasional drivers thirteen years old or older in the household, and (3) she failed to disclose that Kevin was a member of her household or an occasional driver thirteen years old or older in the household. The jury answered the first interrogatory "no" and the other two "yes." Based on these answers, the District Court made findings of fact and conclusions of law. Among its legal conclusions, the Court ruled that Marlys Vanderwerf did not act in entire good faith in making the application and that it contained material misrepresentations which enabled Economy Fire to avoid liability under the policy. In these consolidated appeals, defendants argue that the Court erred in refusing to submit an interrogatory on the facts necessary for their estoppel defense and in denying certain requested jury instructions. We affirm.
 
 I.
 
 4
 Under South Dakota law, an insurer is estopped to deny liability on the basis of an insured's material misrepresentations if (1) the insured acted in entire good faith in obtaining the policy and (2) the insurer knows (or can be charged with knowing) facts "which would cause a prudent person to inquire further, when [the truth] could have been ascertained with reasonable convenience." Braaten v. Minnesota Mutual Life Insurance Co., 302 N.W.2d 48, 51 (S.D.1981). Defendants urged this theory at trial as a basis for holding Economy Fire liable on the policy even though material misrepresentations may have been made. They requested special interrogatories on estoppel, but the District Court refused to put the necessary factual elements of the defense, good faith and inquiry notice, to the jury.
 
 
 5
 Defendants were entitled to an interrogatory on estoppel if it was a valid legal theory and they presented sufficient evidence to support it. Commerford v. Olson, 794 F.2d 1319, 1323-24 (8th Cir.1986). If, as a matter of law, the jury could not have found either good faith or inquiry notice, then there was no error in refusing to propound the interrogatory. That is not the case here, because defendants presented sufficient evidence to make jury questions on both fact issues. But there is a corollary to this rule that we find controlling in this case: If the jury's verdict contains findings of fact that negate a necessary element of a legal theory, then there is no prejudice in the court's refusal to put the factual elements of the theory to the jury, for the theory cannot apply in any event. In the setting of this case, if the jury's findings mean that Marlys Vanderwerf did not act in good faith, then it makes no difference that the District Court refused to present the estoppel theory to the jury, because the absence of entire good faith would itself defeat the theory. See Braaten, supra, at 51-52. In this event, any error in the Court's handling of the special interrogatories must be considered harmless.
 
 
 6
 The issue of good faith in this case is a matter of state law. When state law supplies the rule of decision in a federal case, it is the duty of the federal court to examine the state law and apply it as it anticipates the highest court of the state would. In such cases, it is our practice to defer to the state-law rulings of a federal district court sitting in the state whose law is controlling. Certainly in this case we defer to the interpretations of South Dakota law made by the able and experienced Senior District Judge, and we will overturn his state-law ruling only if the ruling is fundamentally deficient in analysis, without a reasonable basis, or contrary to a reported state-court opinion. This we cannot do here.
 
 
 7
 The most recent South Dakota decision on estoppel, and the one most relevant to the issue of good faith presented here, is Braaten, supra. There the insured was asked in a life-insurance application to list the dates of treatment and the names and addresses of doctors who had treated him within the preceding three years. He accurately listed two such occastions, but omitted any reference to two hospitalizations for alcohol addiction. He later died from complications stemming from his alcoholism, and his estate sued for death benefits after the insurer refused to pay under the policy. The trial court had ruled for the estate, holding that the insurer knew that the deceased drank to excess and thus was estopped to deny coverage under the policy. The South Dakota Supreme Court, however, reversed and remanded for entry of a judgment of no liability, holding that, as a matter of law, there was neither good faith nor sufficient inquiry notice to create an estoppel under state law. 302 N.W.2d at 51-52. On the good-faith issue, the Court wrote:
 
 
 8
 However, we have made it clear that among the exceptions to this [estoppel] rule is that it assumes the existence of entire good faith on the part of the insured together with an absence of circumstances that could impute knowledge that the insurer would be deceived by the application.... That existence of entire good faith is absent here.
 
 
 9
 Id. at 51 (citations omitted).
 
 
 10
 From Braaten, it appears that entire good faith does not exist when an insured is asked to list a particular class of facts on his application and fails to include material facts in that class. There is nothing in the opinion to indicate that the bad-faith determination rested on any other facts, such as the insured's intent. Indeed, the only indication in the opinion about the relevance of the insured's intent is to the contrary--that intent is immaterial:
 
 
 11
 For whatever reason [the insured] may have had, he made no mention of and did not disclose the names of the physician or physicians whom he consulted with or who treated him during his two hospitalizations....
 
 
 12
 Ibid. (emphasis ours). Even though the good-faith portion of the opinion could be characterized as only an alternative holding because the Court also ruled that the insurer did not have sufficient notice to put it on inquiry, Braaten's language is strong evidence of the meaning of good faith in this context under South Dakota law.
 
 
 13
 We are well aware that, as defendants argue, good faith is a fact question and, in most instances, must be put to the jury for determination. But in Braaten the South Dakota Supreme Court was presented with a good-faith issue that is virtually indistinguishable from the one in this case, and an entirely sound interpretation of that Court's holding is that as a matter of law there is an absence of entire good faith when the facts show (1) the insured was asked a question about a particular class of facts, and (2) for whatever reason, the insured fails to reveal material facts within that class. The District Court here evidently interpreted Braaten this way, and we have been presented with no evidence in the South Dakota cases that casts doubt on the validity of this interpretation. Even though good faith is generally a subjective inquiry, there is nothing to prevent South Dakota from ruling that, in cases like this one and Braaten, entire good faith does not exist as a matter of law when the insured fails to produce material information requested by the insurer.
 
 
 14
 It remains for us to determine whether the District Court correctly applied the South Dakota rule. We hold that it did. The jury found that Haberer in substance asked Marlys Vanderwerf whether there were any occasional drivers of the Camaro thirteen years old or older in her household, and that she did not disclose that her son Kevin was a member of her household or an occasional driver of the Camaro. These facts are comparable to those on which the Braaten rule is predicated, and it follows that, just as in Braaten, as a matter of law the insured did not act in entire good faith.
 
 II.
 
 15
 Defendants also claim that the District Court did not adequately instruct the jury on the issues submitted by special interrogatory. The Court refused their proffered instructions on estoppel and their instructions that ambiguities in the insurance application must be resolved against the insurer and that the questions and answers in the application must be construed to prevent forfeiture of the policy.
 
 
 16
 When a case is put to the jury on special interrogatories, it is necessary for the court to give "the jury [only] such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue." Fed.R.Civ.P. 49(a). We have already held that the Court did not commit reversible error by refusing to put the estoppel theory to the jury by interrogatory; it was sufficient for the Court to ask the questions it did: whether Marlys Vanderwerf read the application before signing it, whether Haberer asked her about teenaged occasional drivers in her household, and whether she failed to reveal the material facts about Kevin. None of these issues required instruction on estoppel to enable the jury to make its findings, so there was no error in refusing those instructions.
 
 
 17
 Nor do we find error in the Court's refusal to instruct the jury on resolving ambiguities in insurance contracts or on the construction of the language of the application. Marlys Vanderwerf testified, and the jury found, that she did not read the insurance application before she signed it, so whether the application contained any unclear terms seems immaterial. Appellants argue that the terms "household" and "occasional" in the second and third interrogatories were vague and needed to be defined, but we cannot agree. Such terms are used in common speech, and, although they lack mathematical precision in some situations, we think the jury was entirely capable of understanding and applying them.
 
 III.
 
 18
 Since we find no prejudicial error in the points raised by appellants, the judgment appealed from is
 
 
 19
 Affirmed.
 
 
 
 *
 The Hon. Eugene A. Wright, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation
 
 
 [1]
 The statute provides:
 All statements and descriptions in any application for an insurance policy or annuity contract, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
 (1) Fraudulent; or
 (2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
 (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.
 
 
 [2]
 The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota