**Robert J. BIRNSTILL and Rosalie A. Birnstill, Appellants,**

v.

**HOME SAVINGS OF AMERICA, Appellee.**

**No. 89–1873.**

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1990.

Decided July 2, 1990.

Clinton B. Roberts, Farmington, Mo., for appellants.

Harry W. Wellford, Jr., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Robert and Rosalie Birnstill appeal from the district court's entry of summary judgment in favor of Home Savings of America (Home) in their action for breach of contract, intentional infliction of emotional distress and tortious breach of the implied covenant of good faith and fair dealing. They contend the district court[1] improperly applied choice of law principles to conclude that Missouri law applied to this case and erroneously dismissed the action under Missouri law. According to the Birnstills, the district court erred in failing to apply California law to the transaction, which law would sustain the claim. We reject the contention and affirm.

## I. BACKGROUND

We present the relevant facts in the light most favorable to the non-moving party, as is required in reviewing the granting of a motion for summary judgment. *See Raschick v. Prudent Supply, Inc.*, 830 F.2d 1497, 1499 (8th Cir.1987), *cert. denied*, 485 U.S. 935, 108 S.Ct. 1111, 99 L.Ed.2d 272 (1988); *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983).

On March 1, 1983, Robert Birnstill began working as a conventional loan salesman for Home in St. Louis, Missouri. Birnstill's duties included soliciting and servicing real estate loans. In this capacity, Birnstill became a top salesman and received recognition from Home as the top producer in the number of loans nationwide for two straight years.

In late August 1986, a Home representative in California verbally offered Robert Birnstill a promotion to regional sales manager in Florida. At approximately the same time, Rosalie Birnstill learned she had contracted cancer. Robert Birnstill relayed the news of Rosalie Birnstill's illness to Home representatives and informed them of his desire to remain in the St. Louis area where both Rosalie Birnstill's mother and he could assist with Rosalie's care. Nevertheless, Home encouraged Birnstill to accept the promotion and move with his wife to Florida.

Birnstill accepted the promotion subject to examination of the Florida territory. After traveling to Florida and examining the territory, Robert Birnstill notified the Home representatives in California of his acceptance of the position. Shortly thereafter, Robert Birnstill flew to California for two weeks of training for his new position.

Relying on the promotion opportunity, the Birnstills immediately sold their home in St. Louis and contracted to buy a home in Florida. Rosalie Birnstill's mother also sold her St. Louis home and contracted to buy a Florida condominium. On November 10, three days after finishing his training in California, a Home representative informed Robert Birnstill that another individual would fill the Florida position. Home then offered Robert Birnstill a choice between two jobs: one in Florida requiring extensive travel, which Robert Birnstill deemed unacceptable, or his former job in St. Louis. Seeing no alternative, Robert Birnstill accepted the St. Louis job. He claims that

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

Home subsequently manipulated his sales quota and territory to such an unreasonable extent that he was forced to quit his job in March 1987.

The Birnstills then brought this diversity action, alleging that Home's inducement to move to Florida, Home's withdrawal of Robert Birnstill's promotion after the Birnstills had sold their home and Home's constructive discharge of Robert Birnstill constituted: (a) a breach of contract; (b) intentional infliction of emotional distress; and (c) tortious breach of the implied covenant of good faith and fair dealing. The Birnstills sought $2,500,000 in actual damages for each count and punitive damages for the second count.

Home moved for summary judgment, claiming that Missouri law barred all three claims under the employee-at-will doctrine. Alternatively, Home contended that the Birnstills' claims were barred under Missouri Workers Compensation law and that federal law preempted any state law cause of action.

The district court determined that Missouri law applied to all three counts and concluded that under the Missouri employee-at-will doctrine, no cause of action existed. This timely appeal followed.

## II. DISCUSSION

The Birnstills contend the district court relied on findings unsupported by the record and failed to resolve conflicts of the evidence in their favor when it concluded that Missouri law applied to this case. Alternatively, the Birnstills contend that if Missouri law does apply, the district court erroneously concluded that no cause of action exists.

■ In a diversity action in federal court, the district court must follow the choice of law rules of the state in which it sits in order to determine which state's substantive law applies. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Whether the district court properly applied the forum state's choice of law rules is a legal issue subject to plenary review. *Shields v. Consolidated Rail*

*Corp.*, 810 F.2d 397, 400 (3d Cir.1987). Once the choice of law rules have been correctly applied, the reviewing court accords deference to the district court's interpretation of the substantive law of the state in which it sits and the district court's decision will be reversed only if it is "fundamentally deficient in analysis, without a reasonable basis, or contrary to a reported state-court opinion." *Economy Fire & Casualty v. Tri–State Ins. Co. of Minn.*, 827 F.2d 373, 375 (8th Cir.1987).

■ For both contract and tort actions, Missouri courts apply the significant relationship tests found in the Restatement (Second) of Conflicts of Law (1971). *National Starch & Chem. Corp. v. Newman*, 577 S.W.2d 99, 102 (Mo.Ct.App.1978). To resolve a contract claim where the contract is silent on choice of law, § 188(2) of the Restatement provides that the following factors should be considered: (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

■ To resolve a tort claim, the court must evaluate the following contacts listed in § 145 of the Restatement: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. Where the place of conduct and the place of injury occur in two different states, Missouri choice of law rules dictate that the place where the act takes harmful effect or produces the result complained of is the more significant contact. *Galvin v. McGilley Memorial Chapels*, 746 S.W.2d 588, 590–91 (Mo.Ct.App. 1987); *Carver v. Schafer*, 647 S.W.2d 570, 578 (Mo.Ct.App.1983).

The Birnstills contend that the district court incorrectly determined the place of contracting as Missouri, the place of performance as primarily Missouri, the place

of injury as Missouri, the relationship of the parties as centered in Missouri and Home's incorporation status as being a federally chartered corporation instead of a California corporation. They assert that the record supports a conclusion that California law applies to this case.

We disagree. Viewing the evidence and any inferences to be drawn therefrom in the light most favorable to the Birnstills, our review of the record indicates that the states of Missouri and Florida both have significant contacts with the claims at issue. Under the contract analysis, the evidence shows: (a) the place of contracting can be considered either Missouri, where the promotion offer was received and conditionally accepted by Robert Birnstill, or Florida, where Birnstill formally accepted the promotion offer as well as the offer to return to his previous job in St. Louis; (b) the parties negotiated about the contract during the period when Birnstill spent time in both California and Florida; (c) the employment contract called for performance in Missouri and Florida; and (d) the subject matter related to sales work in both Missouri and Florida.

Under the tort analysis, the evidence shows: (a) injury occurred both in Missouri and Florida where Birnstill resided at each relevant time period; (b) the conduct causing injury occurred in California where the employer withdrew the promotion and in Missouri where the employer constructively discharged Birnstill; and (c) the employment relationship commenced, continued for a substantial time and terminated in Missouri.

As to the remaining element of both tests, the record indicates that the Birnstills made their home in Missouri but that Home did its business out of its office in California. It also has offices in Missouri and Florida. Home's incorporation status is not clear from the record before us and even assuming the district court erroneously determined Home's status to be a federally chartered corporation, we do not deem

this a material fact precluding summary judgment in light of the strong Missouri and Florida contacts listed above.

On the record before us, we agree with the district court that California law does not apply over that of Missouri. Furthermore, the district court's decision that Missouri law does not recognize a cause of action in this case must be affirmed, inasmuch as the decision is not fundamentally deficient in analysis, without a reasonable basis or contrary to a reported state court opinion. Lastly, the district court did not address the applicability of Florida law to this case because the Birnstills failed to raise this point. In their brief to this court, the Birnstills specifically state that they do not assert application of Florida law.[2] Therefore, we do not consider that issue.

## III. CONCLUSION

Accordingly, we affirm the judgment of the district court.

2. In their brief, the Birnstills state: "A major portion of Plaintiff's damages occurred in the State of Florida not Missouri, and although Plaintiffs do not assert that Florida law should apply, it is equal reason why Missouri law should not apply." Reply Brief at 7.