815 F.Supp. 1287 (1993)
John Frederick DORMAN, Plaintiff,
v.
EMERSON ELECTRIC COMPANY, Defendant.
No. 91-1363C(6).
United States District Court, E.D. Missouri, E.D.
March 24, 1993.
Daniel J. McMichael and James J. Logan, McMichael & Logan, Chesterfield, MO, for plaintiff.
Kenneth Heineman, John Kinsella, Coburn, Croft & Putzell, St. Louis, MO, and Michael J. Gorman and Robert A. Henderson, Shugart Thomson & Kilroy, P.C., Kansas City, MO, for defendant.

*1288 MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant Emerson Electric Company's (Emerson) motion to strike certain portions of plaintiff's complaint. Plaintiff John Dorman (Dorman), a resident of British Columbia, brings this action to recover for personal injuries sustained while operating a saw designed and manufactured by Emerson. Emerson is a Missouri corporation which retains an agent for service of process in St. Louis. Plaintiff purchased the saw, a 10" Sears/Craftsman Professional miter saw, from a Sears retail outlet in Nanaimo, British Columbia. The incident in which he sustained personal injury occurred in British Columbia.
As a preliminary matter the Court must apply Missouri's choice of law rules to determine whether Canadian or Missouri law will be applied in this case. Birnstill v. Home Savings of America, 907 F.2d 795, 797 (8th Cir.1990). Plaintiff's claims sound in both contract and tort. In order to make choice of law determinations in such actions, Missouri courts apply the significant relationship tests found in the Restatement (Second) of Conflict of Laws (1971). Id. Section 146 of the Restatement sets forth the appropriate analysis to be undertaken in resolving choice of law questions in tort actions: "In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless with respect to the particular issue some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties." See also Wright v. Minter, 736 F.Supp. 1024, 1026 (W.D.Mo.1990). The factors set forth in section 6 include a) the needs of the interstate and international systems, b) the relevant policies of the forum, c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, d) the protection of justified expectations, e) the basic policies underlying the particular field of law, f) certainty, predictability and uniformity of result, and g) ease in the determination and application of the law to be applied. In this case the accident involving the saw and plaintiff's personal injuries occurred in British Columbia. Therefore, pursuant to § 146, Canadian law would apply. None of the factors set forth in section 6 indicates that Missouri has a more significant relationship to the accident than Canada. Accordingly, the Court concludes that Canadian law should apply to all substantive issues in the present case.
With respect to the motion to strike, defendant next asserts that plaintiff's allegations of strict liability in tort found in Paragraphs 6-8 of his complaint must be stricken because there is no cause of action in strict liability under Canadian law. Pursuant to the provisions of the Canadian Encyclopedic Digest (Western 3d), relevant portions of which were provided to the Court by defendant, the Court concludes that plaintiff's claims based upon strict liability in tort must fail as a matter of law. Canadian Encyclopedic Digest (Western 3d), Negligence § 298.1.
Defendant further contends that plaintiff's claim for breach of implied warranty premised upon Mo.Rev.Stat. § 400.2-314 (1986) must fail because Missouri substantive law is not applicable to plaintiff's claims. The Court agrees and will therefore strike paragraph 8 of plaintiff's complaint.
Finally, defendant asserts that the allegations of res ipsa loquitur found in paragraph 9 of plaintiff's complaint should be stricken because under Canadian law res ipsa loquitur is not applicable unless the injury complained of is unexplained and the instrumentality responsible for causing the injury was under the sole control of the defendant. Canadian Encyclopedic Digest (Western 3d) Negligence § 467. Relying on Missouri substantive law, plaintiff asserts that res ipsa loquitur is applicable because the saw was under the sole control of the defendant at the time that the design defect occurred. Plaintiff has offered no authority under Canadian law for its assertion that the relevant time to measure defendant's control of the instrumentality is when the negligence or the design defect occurred rather than when the plaintiff sustained injury. In addition, *1289 where, as here, the plaintiff had control over the instrumentality at the time that he sustained injury, Missouri courts have rejected claims predicated upon res ipsa loquitur. See Mahan v. Missouri Pac. R.R., 760 S.W.2d 510, 513, 514 (Mo.App.1988); See also Randolph v. Collectramatic, Inc., 590 F.2d 844, 849 (10th Cir.1979). For these reasons, the Court concludes that plaintiff's allegations premised upon res ipsa loquitur should be stricken.