Patty Nolan **VERGANO**, Appellant,

v.

**FACILITY MANAGEMENT OF MISSOURI, INC.,**
Respondent.

No. 66509.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 24, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1995.

Application to Transfer Denied
April 25, 1995.

---

Stuart Cofman, St. Louis, Michael A. Gross, St. Louis, for appellant.

Michael W. Silvey, Terrance J. Good, Lashly & Baer, P.C., St. Louis, for respondent.

KAROHL, Judge.

The trial court granted defendant, Facility Management of Missouri, Inc., (FFMI), a Missouri corporation, summary judgment on Patty Nolan Vergano's claim for personal injuries. She fell and injured her knee participating in an ice skating party at the St. Louis Arena after attending a St. Louis Blues professional hockey game. FFMI operated the Arena on the date of injury, February 10, 1990. Vergano claimed negligence in failing to maintain or repair the ice. FFMI claimed a general release barred her claim. The court enforced the release. The narrow question is whether the relevant provisions of the release Vergano signed as a condition for permission to skate bar her claim for personal injuries. Those provisions are:

### GENERAL RELEASE

This General Release of 2–10–90 ...

In consideration of being permitted to participate in [skating] at the Saint Louis Arena, ... I for myself and personal representatives, .... release, waive, discharge and covenant not to sue Facility Management of Missouri, Inc., [and others] from all liability ... on account of injury to the person or property of the undersigned, caused by the negligence of Management while the undersigned is participating in Skating and all events and activities in connection herewith.

\*   \*   \*   \*   \*   \*

The undersigned hereby expressly agrees that this release and waiver is intended to be as broad and inclusive as permitted by the laws of the State of Missouri and that is any portion hereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.

The undersigned, being of lawful age, do for my, ... hereby release and forever discharge Management, their successors and assigns, of and from any and every claim, demand, action or right of action, of whatsoever kind of nature, arising from or by reason of any bodily injury ... which may occur as a result of my participation in the Skating and all events and activities in connection therewith.

The undersigns [sic] further states that he/she has carefully read the foregoing General Release, knows the contents thereof and has signed this General Release as his/her own free act.

\*   \*   \*   \*   \*   \*

/s/ Patty Nolan

We review in accord with *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation,* 854 S.W.2d 371, 376 (Mo. banc 1993). Vergano agrees she knowingly signed the release and delivered it to an employee of FFMI. She understood everyone must sign a release before acquiring permission to skate on Arena ice. The

parties agree a release of liability from the consequences of ordinary negligence is enforceable. *Haines v. St. Charles Speedway, Inc.*, 874 F.2d 572, 575 (8th Cir.1989) was cited by both parties in support of that rule. Accordingly, Vergano must be able to prove some invalidity of the release in order to maintain her suit, *Landmark North County Bank v. National Cable Training Centers, Inc.*, 738 S.W.2d 886, 890 (Mo.App.1987), or, in a summary judgment case, prove the release agreement should not be enforced by its terms, as a matter of law. *See Estrin Construction Company, Inc. v. Aetna Casualty & Surety Company*, 612 S.W.2d 413 (Mo.App.1981).

In *Estrin*, the court determined an insurance contract did not provide coverage for a claimed loss in a suit brought by its insured. It enforced an exclusion in the policy. In an extraordinary opinion, Judge Shangler, for the Western District of this court, explored and surveyed the Missouri law on contracts of adhesion.

Vergano argues that the release she signed is a contract of adhesion and its efficacy depends upon a factual determination before its terms may be enforced, as a matter of law. She contends she was forced to sign the contract so it may be found as a matter of fact that she did not intend to release FFMI from the consequences of its negligent acts. FFMI denies the release is an adhesion contract for several reasons. It argues: (a) such contracts involve contracts for necessities but the subject matter of the release was permission to skate on Arena ice which was an optional, not a necessary, activity; (b) although the release was preprinted there was no great disparity in the parties' bargaining power; and (c) in addition, there is no factual basis to support a necessary finding there was an absence of choice on Vergano's part. We do not decide this dispute because summary judgment was properly granted on either theory.

■ If the agreement is a simple contract, then it is enforceable and summary judgment was properly granted on undisputed facts, particularly in the absence of any facts to support a finding Vergano did not knowingly sign and deliver the release. *Estrin*, 612 S.W.2d at 422. Assuming, without deciding, the release is a contract of adhesion—one not negotiated by parties while on equal footing—it was enforceable in this case because its terms were simple and clear and both parties could reasonably expect enforcement of its terms.

■ The central lesson in *Estrin* is that contracts of adhesion are judicially interpreted on the basis of the "principle of reasonable expectations" of the parties. *Id.* at 423. "The law, therefore, protects expectations *objectively* reasonable, as consonant with the purpose of the standard contract—to avoid bargains over details of an individual transaction to achieve lower cost possible only by mass transaction." By this means, the law recognizes the useful commercial purpose of contracts of adhesion, *i.e.*, insurance contracts, and will enforce them according to the reasonable expectations of the parties. *Id.* at 426.

One basis to decide this appeal, if the release is a contract of adhesion, is to decide whether FFMI had reason to believe Patty Vergano's knowing execution and delivery of the General Release would not have been agreed to by her if she had known the terms of the release and the consequences of her acts. We find the trial court correctly determined, at least by implication, that FFMI had no reason to suspect the release would not have been knowingly agreed to under any circumstances. There is no dispute regarding the meaning of the terms of the agreement. Vergano was sufficiently educated and informed. It was her free choice to release FFMI of a claim of negligence and skate, or refuse to execute the release and not skate. The release was binding and supports the summary judgment.

We affirm.

AHRENS, P.J., and SIMON, J., concur.