62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
John Frederick DORMAN, Appellant,
v.
EMERSON ELECTRIC COMPANY, Appellee.
 No. 95-1044.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 12, 1995.
Filed: July 28, 1995.
 
 Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 John Frederick Dorman appeals the order of the District Court[1] granting summary judgment to the defendant, Emerson Electric Company, in a diversity action seeking damages for personal injuries. We affirm.
 
 
 2
 Dorman, a resident of Canada, purchased a 10" Sears/Craftsman Professional miter saw designed and design-tested by Emerson Electric Company (Emerson) of St. Louis. When Dorman removed the upper and lower guards and then activated the saw, the blade and arbor (on which the blade rotates) flew off the saw and nearly severed Dorman's right arm. A section in the owner's manual entitled "Removing or Installing the Blade" included the following capitalized warning:
 
 
 3
 DANGER: NEVER USE SAW WITHOUT MOUNTING PLATE SECURELY IN PLACE. IT KEEPS THE ARBOR SCREW FROM FALLING OUT IF IT ACCIDENTALLY LOOSENS, AND PREVENTS THE SPINNING BLADE FROM COMING OFF THE MACHINE.
 
 
 4
 In addition, a warning to keep guards in place was prominently featured on page 2 of the owner's manual, and a warning label attached to the saw stated: "Keep guards in place and working properly." Dorman claimed that he was not aware from any warning or literature that the guards held the blade on the saw or that operation after their removal might cause the blade to fly off at high speed. In point of fact, however, as the undisputed evidence shows, the mounting plate is permanently attached to the upper- blade guard, and the upper-blade guard cannot be removed without also removing the mounting plate. The lower-blade guard is kept in place by fastening it to the mounting plate. Once the mounting plate is removed, there is no way to attach the lower-blade guard to the saw.
 
 
 5
 Dorman filed suit in the Eastern District of Missouri to recover damages for his injuries, attempting to state causes of action under Missouri law in strict products liability, breach of implied warranty, res ipsa loquitur, and negligence. The first three of these were struck, and his action dismissed, in Dorman v. Emerson Electric Co., 815 F. Supp. 1287 (E.D.Mo.1993), in which the District Court held that Canadian law governed. We agreed with the District Court's ruling on the choice-of-law question and affirmed the striking of the first three claims on the ground that under Canadian law they were materially deficient, but reversed the dismissal of Dorman's negligence claim and remanded for further proceedings. Dorman v. Emerson Electric Co., 23 F.3d 1354 (8th Cir.), cert. denied, 115 S. Ct. 428 (1994).
 
 
 6
 On remand, the District Court found no disputed issues of material fact with respect to Dorman's negligence theories and granted summary judgment in favor of Emerson. With respect to Dorman's claim for negligent design, the District Court, applying Canadian law, held that Dorman had not made a submissible case. The court noted that while it would be possible to design a safer saw-e.g., one from which the upper guard could not be removed, or which could not be used if a guard was removed-it was undisputed that the saw was not unreasonably dangerous when it was used as intended, with the guards in place. To require Emerson to design the safest saw possible, the court reasoned, would be tantamount to the imposition of strict products liability, a theory which, as our Court held in Dorman's first appeal, Canadian law does not recognize. See Dorman, 23 F.3d at 1361. In a negligent design case, the District Court continued, as distinguished from a strict liability case, the defendant cannot be held liable so long as the product is reasonably safe when used as intended. As to Dorman's claim of negligent failure to warn about the dangers of operating the saw without the guards in place, the District Court similarly concluded that Dorman had failed to make a submissible case, since as a matter of law the warning provided by Emerson was adequate.
 
 
 7
 Dorman appeals, arguing that as a matter of Canadian law the evidence was sufficient to warrant the submission of his negligent design claim to a jury. He also argues that the adequacy of Emerson's warnings to alert the user to the specific dangers of operating the saw with the guards removed is a genuine issue of material fact and thus should be submitted to a jury.
 
 
 8
 Having considered all of Dorman's arguments, we find that they are without merit, that the District Court clearly was correct in granting summary judgment, and that an opinion in this diversity case involving foreign law would lack significant precedential value. Accordingly, the judgment of the District Court is affirmed without further discussion.
 
 
 9
 AFFIRMED. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri