**SASCO, INC., Plaintiff,**

v.

**WELLS FARGO ALARM SERVICES, INC., Defendant.**

**No. 4:96 CV 369 DDN.**

United States District Court, E.D. Missouri, Eastern Division.

June 20, 1997.

Peter J. Dunne, Rabbitt and Pitzer, St. Louis, MO, for Plaintiff.

Joseph R. Swift, Brown and James, P.C., St. Louis, MO, for Defendant.

### MEMORANDUM

NOCE, United States Magistrate Judge.

This action is before the Court upon the motion of defendant Wells Fargo Alarm Services, Inc., for summary judgment under Rule 56, Federal Rules of Civil Procedure. A hearing was held on the motion on June 18, 1996. The parties have consented to the exercise of authority by a United States Magistrate Judge under 28 U.S.C. § 636(c)(3).

Plaintiff SASCO, Inc., commenced this action in the Circuit Court of the City of St. Louis, Missouri. Defendant removed the action to this Court on the basis of diversity of citizenship and the fact that the amount in controversy exceeds $50,000. 28 U.S.C. § 1332. Plaintiff's amended petition alleges that plaintiff entered into a written contract for defendant to provide power loss, temperature control, and air pressure alarm services for a sterile laboratory facility for the breeding of small animals. Plaintiff alleges that on

July 20, 1994, while this services contract was in effect, Lightning struck a utility transformer outside the laboratory facility, and a high voltage electrical surge entered the facility's power supply causing a power outage and the shutting off of the temperature and air pressure control units. Plaintiff alleges that defendant failed to maintain its alarm signaling system in good working order and failed to transmit notice to plaintiff of the loss of power, the rise in temperature, and the loss of positive air pressure. As a result of the loss of temperature and air pressure control, plaintiff alleges that a substantial portion of plaintiff's animals were destroyed.

Plaintiff is asserting four claims: Count 1, breach of the alarm service contract; Count 2, negligence; Count 3, gross negligence and deliberate or willful action; and Count 4, fraudulent misrepresentation when the alarm services contract was entered. Plaintiff seeks damages in the amount of $336,000.

Defendant has moved for summary judgment under Rule 56(c) Federal Rules of Civil Procedure. This Court must grant summary judgment, if the evidentiary showing demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Board of Educ., Island Trees Union Free School Dist. No. 26 v. Pico,* 457 U.S. 853, 863, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982). The moving party must initially demonstrate the absence of an issue of fact for trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. *Pico* 457 U.S. at 863, 102 S.Ct. at 2806. Once a motion is properly made and supported, the non-moving party may not rest upon the allegations in its pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Fed. R.Civ.P. 56(e); *Buford v. Tremayne,* 747 F.2d 445, 447 (8th Cir.1984).

In this case the facts which relate to the motion are without dispute. Plaintiff and defendant entered a written Central Station Protective Signaling Service Renewal (contract) dated July 1, 1991. In this contract, defendant agreed to provide alarm services to plaintiff as described above. *See* Def.'s Motion Exh. 1, filed May 13, 1996. The written contract was effect on July 20, 1994, when the events and loss of animal life, described above, occurred. The contract, in relevant part, contained the following provisions:

> WITNESSETH: That for the consideration and covenants hereinafter specified below, on the reverse side hereof and on any Riders hereto the parties do, for themselves, their successors and assigns mutually agree:
>
> * * *
>
> B. [Plaintiff] hereby agrees to pay [defendant], its agents or assigns, the sum of One Hundred Forty Eight and 84/100 Dollars ($148.84 per qtr.)....
>
> * * *
>
> D. IT IS UNDERSTOOD AND AGREED BY [PLAINTIFF] THAT [DEFENDANT]' IS NOT AN INSURER; THAT THE SUMS PAYABLE HEREUNDER TO [DEFENDANT] BY [PLAINTIFF] ARE BASED UPON THE VALUE OF SERVICES OFFERED AND THE SCOPE OF LIABILITY UNDERTAKEN AND SUCH SUMS ARE NOT RELATED TO THE VALUE OF PROPERTY BELONGING TO THE SUBSCRIBER OR TO OTHERS LOCATED ON [PLAINTIFF]'S PREMISES. [PLAINTIFF] FURTHER AGREES AND PROMISES THAT, IF IT DESIRES INSURANCE, SUBSCRIBER'S INSURANCE WILL BE OBTAINED FROM AN INSURANCE COMPANY IN SUCH AMOUNT AS [PLAINTIFF] SHALL DEEM NECESSARY TO PROTECT ITS INTERESTS. [PLAINTIFF] DOES NOT AND WILL NOT SEEK INDEMNITY FROM [DEFENDANT] AGAINST ANY DAMAGES OR LOSSES CAUSED BY HAZARDS TO [PLAINTIFF]'S PROPERTY. [DEFENDANT] MAKES NO WARRANTY, EXPRESSED OR IMPLIED, THAT THE SYSTEMS IT INSTALLS OR THE SERVICES IT

FURNISHES WILL AVERT OR PREVENT OCCURRENCES, OR THE CONSEQUENCES THEREFROM, WHICH THE SYSTEMS AND SERVICES ARE DESIGNED TO DETECT. [PLAINTIFF] AGREES THAT [DEFENDANT] SHALL NOT BE LIABLE FOR ANY OF [PLAINTIFF]'S LOSSES OR DAMAGES, IRRESPECTIVE OF ORIGIN, TO PERSON OR TO PROPERTY, WHETHER DIRECTLY OR INDIRECTLY CAUSED BY PERFORMANCE OR NONPERFORMANCE OF ANY OBLIGATION IMPOSED BY THIS AGREEMENT OR BY NEGLIGENT ACTS OR OMISSIONS OF [DEFENDANT], ITS AGENTS OR EMPLOYEES. IT IS AGREED THAT IF [DEFENDANT] SHOULD BE FOUND LIABLE FOR ANY LOSSES OR DAMAGES ATTRIBUTABLE TO A FAILURE OF SYSTEMS OR SERVICES IN ANY RESPECT, ITS LIABILITY SHALL BE LIMITED TO THE ANNUAL CHARGE HEREUNDER, OR $10,000, WHICHEVER IS LESS. THE [PLAINTIFF] MAY OBTAIN A GREATER LIMITATION OF LIABILITY, IF DESIRED, BY PAYMENT OF AN INCREASED ANNUAL RATE, WHICH SHALL BE NEGOTIATED BETWEEN THE [PLAINTIFF] AND [DEFENDANT] UPON THE REQUEST OF THE [PLAINTIFF] IN WRITING.

*Id.* at 1. At the time of the loss on July 20, 1994, plaintiff was insured for the loss and has been idemnified. This insurance carrier is subrogated to the claim for damages suffered by plaintiff.

In support of its motion for summary judgment, defendant argues (a) as to all counts of amended petition, ¶ D of the alarm services contract expressly allocates the risk of the experienced loss to plaintiff; (b) as to Counts 1 and 2 of the amended petition, ¶ D releases defendant from liability for breach of contract and negligence; and (c) as to all counts of the amended petition, defendant's liability, if any, should be limited in amount to the annual contractual fee paid for the services.

The subject matter jurisdiction of the Court is founded upon the citizenship of the parties and the amount in controversy, as granted by 28 U.S.C. § 1332. In such a case, the Court must apply the substantive rules of decision which the Missouri state courts would apply. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Birnstill v. Home Savings of America,* 907 F.2d 795, 797 (8th Cir.1990). Defendant, in its removal petition, alleges, without dispute by plaintiff, that the citizenship of the parties is diverse an other than of Missouri. The alarm services contract did not provide for the application of any state's law in the event of a dispute. The subject matter of the contract was the providing of alarm services in Missouri and the loss occurred in Missouri. Under these circumstances, Missouri courts would apply the law of Missouri. *Birnstill,* 907 F.2d at 797. In recognition of such, both parties have argued the application of Missouri case law.

■ Defendant first argues that the alarm services contract, in ¶ D, above, allocates to plaintiff the risk of the loss it suffered, because the contract provided for plaintiff's purchase of insurance to cover the loss. This argument is without merit. In *Monsanto Chemical Co. v. American Bitumuls Co.,* 249 S.W.2d 428 (Mo.1952), invoked by defendant, the trial court held that a contractual provision prevented the plaintiff from recovering from one of the defendants damages for the loss of property which was owned by the plaintiff but which had been in the possession of the defendant. The loss occurred due to negligence of the defendant. Defendant successfully argued that the contract, which provided in part that "[plaintiff] agrees to carry adequate insurance to cover all stocks of materials held by [defendant] for [plaintiff's] account," "satisfied in full the claim of [plaintiff] against [defendant] for negligence." *Monsanto Chemical Co.,* 249 S.W.2d at 430, 432. In that case, both parties had an insurable interest in the property and the contract obligated the plaintiff to secure insurance to protect both parties' interests. The Missouri Supreme Court held that, under those circumstances, not to allow the insurance proceeds to satisfy the liability of defendant to plaintiff for defendant's negligence would

render meaningless the contractual provision which required the plaintiff to purchase the insurance.

Similarly, in *Brown v. Park Transportation Co.,* 382 S.W.2d 467 (Mo.Ct.App.1964), the St. Louis Court of Appeals held that a contractor-plaintiff may not seek damages resulting from the contractor-defendant's negligence where under the contract the plaintiff was obligated to protect the defendant from such damages by the purchase of insurance. *Brown,* 382 S.W.2d at 470.

In that case at bar, the alarm services contract did not require plaintiff or defendant to purchase casualty insurance but left it to the parties to decide whether to do so and in what amount. It cannot be said that plaintiff contractually agreed to cover its losses by insurance rather than proceeding against defendant.

■ Next, defendant argues that, as to Counts 1 and 2 of the amended petition, ¶ D anticipatorily exculpated defendant from liability for its breach of contract and negligence. The Court agrees. In *Alack v. Vic Tanny International of Missouri, Inc.,* 923 S.W.2d 330 (Mo.1996) (en banc), the Missouri Supreme Court held that contractual clauses which exonerated one from its future negligence, while disfavored, are not prohibited. *Id.,* at 333. Such provisions must be strictly construed against the party which would use the clause to avoid liability and the exoneration from such liability must be stated in the contract clearly and explicitly. *Id.* the court then held that the use of general, expansive language (such as "any and all claims") is legally ineffective to exonerate a party from liability for its own negligence. Rather, terms such as "negligence" of "fault" or other terms specifically conveying similar meaning must be used. *Id.* at 336. *See also Hornbeck v. All American Indoor Sports, Inc.,* 898 S.W.2d 717 (Mo.Ct.App.1995); *Vergano v. Facility Management of Missouri, Inc.,* 895 S.W.2d 126 (Mo.Ct.App.1995); *cf. Haines v. St. Charles Speedway, Inc.,* 874 F.2d 572, 574 (8th Cir.1989).

■ The following language of ¶ D of the contract before this Court very clearly and explicitly expressed the contracting parties'

intention to exonerate defendant from future liability for its breach of contract and for its negligence, which are the claims made by plaintiff in Counts 1 and 2 of the amended petition:

[PLAINTIFF] AGREES THAT [DEFENDANT] SHALL NOT BE LIABLE FOR ANY OF [PLAINTIFF]'S LOSSES OR DAMAGES, IRRESPECTIVE OF ORIGIN, TO PERSON OR TO PROPERTY, WHETHER DIRECTLY OR INDIRECTLY CAUSED BY PERFORMANCE OR NONPERFORMANCE OF ANY OBLIGATION IMPOSED BY THIS AGREEMENT OR BY NEGLIGENT ACTS OR OMISSIONS OF [DEFENDANT], IT AGENTS OR EMPLOYEES.

■ Plaintiff next argues that defendant has failed to show that plaintiff's promise not to assert liability against defendant for defendant's future breach of contract and negligence is without sufficient consideration. *See Landmark North County Bank & Trust Co. v. National Cable Training Centers, Inc.,* 738 S.W.2d 886, 891 (Mo.Ct.App.1987). Indeed, to be enforceable such a promise in a contract must be supported by consideration. *Schaffer v. Property Evaluations, Inc.,* 854 S.W.2d 493, 495 (Mo.Ct.App.1993); *Hatfield v. Cristopher,* 841 S.W.2d 761, 766 (Mo.Ct. App.1992); *Weindel v. DeSoto Rural Fire Protection Ass'n, Inc.,* 765 S.W.2d 712, 715 (Mo.Ct.App.1989). However, one item of consideration may support more than one promise. John D. Calamari & Joseph M. Perillo, Contracts § 4–15, at 245 (3d ed.1987).

■ In the alarm services contract before this Court, ¶ D indicates that the promise by defendant to provide the alarm services is consideration for the two promises by plaintiff to pay the quarterly fee and to not assert liability against defendant for its performance or nonperformance of its contractual obligations or for its negligence. The contract expressly stated that the fee due from plaintiff, the limitation of defendant's liability, and the value of the alarm services to be performed by defendant are interrelated.

This is not a case such as are *Schaffer, Hatfield,* and *Weindel,* asserted by plaintiff, where the provisions which assertedly exonerated parties from liability were unsupport-

ed by separate consideration and were unrelated to any other consideration involved in the contractual relationships between the parties. In the case at bar, plaintiff's promise not to assert liability against defendant for the defendant's alleged breach of contract and negligence is supported by the consideration of defendant's promise to perform the alarm services.

Thus, defendant is entitled to summary judgment on Counts 1 and 2 of the amended petition. Defendant does not gainsay plaintiff's correct argument that, under the law of Missouri, ¶ D of the contract is without legal effect to exonerate defendant of liability for intentional torts, such as the fraud plaintiff has alleged in Count 4, or for gross negligence, such as plaintiff has alleged in Count 3 of the amended petition. *See Alack v. Vic Tanny International of Missouri, Inc.*, 923 S.W.2d 330, 336 (Mo.1996) (en banc); *Liberty Financial Management Corp. v. Beneficial Data Processing Corp.*, 670 S.W.2d 40, 48 (Mo.Ct.App.1984); *Tobler's Flowers, Inc. v. Southwestern Bell Telephone Co.*, 632 S.W.2d 15, 17 (Mo.Ct.App.1982). For this reason, the limitation in ¶ D of the contract of the amount of damages awardable against defendant to the lesser of the annual fee or $10,000 is enforceable as to the claims alleged by plaintiff in Counts 3 and 4. The motion for summary judgment will be denied as to Counts 3 and 4.