# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1844
_____

Angelique Tilghman

*Plaintiff - Appellant*

v.

Allstate Property & Casualty Insurance Company;
Brandy Lott, formerly known as Brandy Glore, formerly known as Brandy Brown,
formerly known as Brandy M. Meredith

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas
_____

Submitted: September 22, 2021
Filed: January 3, 2022
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge

The district court[1] granted summary judgment in favor of Allstate Property & Casualty Insurance Company ("Allstate") and dismissed Angelique Tilghman's bad faith claim. We affirm.

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

# I. Background[2]

Angelique Tilghman and Brandy Lott were involved in a motor vehicle accident. The accident caused $406.81 in damage to Tilghman's vehicle. Tilghman sued Lott in Arkansas county court. Tilghman ultimately claimed over $30,000 in past medical expenses, at least $46,000 in future medical expenses, and a total loss of earnings capacity between $440,000–$1,000,000. Lott's insurance company denied a duty to defend or indemnify.

After failing to obtain compensation from Lott, Tilghman filed an uninsured motorist claim under her motor vehicle insurance policy with Allstate. The policy provided uninsured motorist bodily injury coverage up to $50,000 per person per accident. Allstate offered $32,000 to settle Tilghman's claim. Allstate's evaluation was based, at least in part, on a damage estimator software program which estimated Tilghman's damages at $36,999. Tilghman did not accept Allstate's initial offer. Allstate ultimately offered Tilghman $40,000 to settle her claim. Tilghman rejected Allstate's offer and added Allstate as a defendant in her lawsuit against Lott. Tilghman sued Allstate for, among other things, breach of the insurance contract and bad faith refusal to pay. Tilghman's bad faith claim was based on her allegations that Allstate employs certain claims practices to intentionally drive down claim values. Allstate removed the case to federal court.

During discovery, Tilghman and Allstate fought over Tilghman's efforts to obtain the following: 1) the unredacted claim file, 2) claims handling and training materials, 3) personnel files of Allstate employees who were involved in Tilghman's claim, and 4) Allstate's financial information and structures. Allstate argued these requests were overly broad and violated work product and attorney–client privileges.

---

[2]Because we are reviewing a summary judgment ruling in favor of Allstate, we present the facts in the light most favorable to Tilghman and draw reasonable inferences in her favor. *See Lincoln Benefit Life v. Wilson*, 907 F.3d 1068, 1074 (8th Cir. 2018).

Three months before the discovery deadline, Tilghman filed a motion to compel Allstate's discovery responses. The district court denied the motion, finding the discovery was overly broad and out of proportion to the needs of the case. Tilghman then served a new set of discovery requests. Allstate objected to these requests claiming they were untimely and overly broad. A day before the discovery deadline, Tilghman filed a motion seeking to continue the case or extend the discovery deadline. The district court denied Tilghman's motion, finding the parties had already received ample time to conduct discovery.

Allstate then moved for summary judgment on Tilghman's bad faith claim.[3] Tilghman's response included a request for additional time to conduct discovery. The district court granted Allstate's motion and dismissed Tilghman's bad faith claim, holding Tilghman had failed to present sufficient evidence showing Allstate affirmatively engaged in dishonest, malicious, or oppressive misconduct. In doing so, the district court did not entertain Tilghman's request for additional discovery. Tilghman moved for reconsideration of the district court's ruling, which the district court denied.

The summary judgment ruling reduced the case to a single cause of action: Tilghman's contract claim for uninsured motorist benefits. The case proceeded to trial where a jury awarded Tilghman $12,000. After trial, Tilghman made an oral motion for reconsideration of the summary judgment ruling, which the district court again denied.

Tilghman appeals, arguing the district court abused its discretion in refusing to compel Allstate's discovery responses which she claims were essential to her bad faith claim. Tilghman also argues the district court erred in denying her additional time for discovery to support her bad faith claim. Tilghman asserts that as a result

---

[3]Allstate's motion also requested summary judgment on Tilghman's claim for wrongful action in the performance of the insurance policy, which the district court granted in favor of Allstate. Tilghman does not appeal this ruling.

of these errors, the district court improperly granted summary judgment in favor of Allstate on Tilghman's bad faith claim.

## II. Analysis

We review the district court's grant of summary judgment de novo. *Lincoln Benefit Life v. Wilson*, 907 F.3d 1068, 1074 (8th Cir. 2018). Summary judgment is upheld "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* We may reverse summary judgment for erroneous discovery rulings only where the errors amount to "a gross abuse of discretion resulting in fundamental unfairness." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 746 (8th Cir. 2018) (quoting *McGowan v. Gen. Dynamics Corp.*, 794 F.2d 361, 363 (8th Cir. 1986)).

Allstate argues this court need not address the merits of the district court's discovery rulings because such rulings, even if erroneous, did not prejudice Tilghman. We agree.

We have held that even if a gross abuse of discretion is found, an appellant must demonstrate prejudice before reversal is justified. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381–82 (8th Cir. 1992). Errors not affecting the outcome of a case are not prejudicial. *See Vallejo*, 903 F.3d at 747 (holding a magistrate judge's order limiting the scope of discovery to exclude a deposition did not prejudice the appellant's case because the deposition would not have supplied the necessary testimony her claim was missing). Here, the district court's discovery and progression rulings, even if erroneous, did not prejudice Tilghman because her jury award establishes that Allstate acted reasonably in its valuation and negotiation of her insurance claim.

We have previously held that a jury's finding of fact can negate a plaintiff's claim as a matter of law. *See Econ. Fire & Cas. Co. v. Tri-State Ins. Co. of Minn.*, 827 F.2d 373, 375 (8th Cir. 1987) (reasoning that where "the jury's verdict contains

findings of fact that negate a necessary element of a legal theory, then there is no prejudice in the court's refusal to put the factual elements of the theory to the jury, for the theory cannot apply in any event"). In this case, the jury's valuation of Tilghman's contract claim negates her bad faith claim.

Under Arkansas law, a plaintiff claiming an insurer acted in bad faith must prove the insurer "engaged in affirmative misconduct that was dishonest, malicious, or oppressive," *Unum Life Ins. Co. of Am. v. Edwards*, 210 S.W.3d 84, 87 (Ark. 2005), "in an attempt to avoid its liability under an insurance policy." *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 664 S.W.2d 463, 465 (Ark. 1984). An insurer's failure to pay a claim cannot constitute malicious conduct where an actual controversy exists regarding the insurer's obligation. *See Farm Bureau Ins. Co. of Ark. v. Running M Farms, Inc.*, 237 S.W.3d 32, 42 (Ark. 2006); *Watkins v. S. Farm Bureau Cas. Ins. Co.*, 370 S.W.3d 848, 857 (Ark. Ct. App. 2009). Interpreting Arkansas law, we have found that a failure to make payment of an insurance claim can be characterized as bad faith "only if there is no genuine issue or controversy between the parties that would justify litigation." *Delta Rice Mill, Inc. v. Gen. Foods Corp.*, 763 F.2d 1001, 1005 (8th Cir. 1985). In determining whether a genuine controversy exists between the parties, we have considered a jury's verdict and whether it indicates a defendant was "wholly unreasonable, frivolous, or fairly described as dishonest." *Id.* at 1004–05. Thus, an insured cannot maintain a bad faith claim for an insurer's valuation where the insurer was reasonable in its valuation and justified in refusing to pay more.

Here, an Arkansas jury found Tilghman's injuries were worth $28,000 less than Allstate's final settlement offer and $38,000 less than the policy limit. Allstate's final settlement offer significantly *overvalued* Tilghman's claim. The jury's valuation establishes there was a genuine issue regarding the value of Tilghman's claim. As a result, it cannot be said Allstate was unreasonable in its valuation or unjustified in its refusal to pay policy limits. Allstate thus did not act in bad faith as a matter of law.

-5-

Tilghman argues the jury verdict is immaterial because a bad faith claim is a separate cause of action from a breach of contract claim. She asserts the jury's verdict does not prove Allstate considered, assessed, and negotiated the claim in good faith. While Tilghman is correct that a bad faith claim is a separate claim from a breach of contract claim, there remains a nexus between the two claims. To constitute bad faith, an insurer's affirmative misconduct must be in pursuit of avoiding its obligations under the insurance policy. *See Aetna Cas.*, 664 S.W.2d at 465. Thus, where an insurer discharges, or reasonably attempts to discharge, its contractual obligations, the floor falls out from under the insured's bad faith claim. And a jury verdict on an insured's breach of contract claim can reveal whether the insurer reasonably attempted to discharge its obligations. *Cf. Delta*, 763 F.2d at 1004–05. Here, Tilghman's jury award establishes Allstate's settlement offers were reasonable attempts to discharge its contractual obligations.

Tilghman also argues the jury award is irrelevant because a plaintiff is allowed to recover certain categories of damages in a bad faith case that she could not recover under a breach of contract action. However, the types of compensation that may be available to a successful plaintiff under a bad faith claim do not change the analysis of whether an insurer actually acted in bad faith. And for the above reasons, we find Allstate did not act in bad faith as a matter of law.

In sum, the jury award reveals a fatal flaw in Tilghman's bad faith claim— Allstate was reasonable in its valuation of Tilghman's claim and justified in not paying policy limits. Tilghman's discovery requests would not have cured this defect because they were related to Allstate's claim handling processes, not the value of Tilghman's claim. And Tilghman does not dispute the jury's valuation or that Allstate's offer exceeded such valuation. Tilghman was thus not prejudiced by any of the district court's discovery or progression rulings.

## III. Conclusion

For the reasons set forth herein, we affirm.[4]

_____

---

[4]We deny Allstate's motion to strike Tilghman's reply brief because Allstate was not prejudiced by Tilghman's untimely filing.