Michael MASUEN,

v.

E.L. LIEN & SONS, INC., a corporation, Appellee,

Dakota Contracting Corporation, a corporation; Herb Teske, an individual; Maynard Sommers, an individual, Robert Kirwan, an individual; John Van Lent, an individual, Appellants.

Leonard PETERSON,

v.

Herb TESKE, Maynard Sommers, Robert Kirwan, John Van Lent, Appellants.

Leonard PETERSON,

v.

Thomas MANNING.

No. 82–2345.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1983.

Decided Aug. 15, 1983.

Ronald R. Kappelman, Rapid City, S.D., for defendant-respondent-appellee E.L. Lien and Sons, Inc.

David V. Vrooman, Sioux Falls, S.D., for defendants-crossclaimants-appellants Robert Kirwan and John Van Lent.

Before LAY, Chief Judge, SWYGERT, Senior Circuit Judge,* and ARNOLD, Circuit Judge.

PER CURIAM.

In *Masuen v. E.L. Lien & Sons, Inc.,* 670 F.2d 87 (8th Cir.1981), this court remanded to the district court for the determination of whether Robert Kirwan and John Van Lent, both employees of the State of South Dakota, were entitled to contractual indemnity from E.L. Lien & Sons, Inc., a general contractor. Upon remand, the district court, the Honorable Fred J. Nichol presiding, held that Kirwan and Van Lent were not entitled to indemnity under South Dakota law and entered judgment in favor of E.L. Lien & Sons. The district court subsequently denied Kirwan and Van Lent's motion to alter or amend the judgment; Kirwan and Van Lent appeal.[1]

On July 13, 1976, the Department of Transportation, Division of Highways, State of South Dakota, and E.L. Lien & Sons, Inc. (Lien), entered into a written highway construction contract whereby Lien would perform certain work in connection with a road project in Clay County, South Dakota. Pursuant to the contract, Lien procured a performance bond as a form of security to insure compliance with the contract. Kirwan and Van Lent were employed by the State of South Dakota as the District Engineer and Resident Engineer on the construction project.

Kirwan and Van Lent seek contractual indemnity from Lien and base their claim upon section 7.14 of the contract, which appears in South Dakota Department of Highways, *Standard Specifications for Roads and Bridges* § 7.14, at 42 (1969). That section provides in part: "The Contractor shall indemnify and save harmless the Department, its officers and employees, from all suits, actions, or claims of any character brought because of any injuries or damage received or sustained by any person, persons, or property on account of the operations of the said Contractor[.]" Kirwan and Van Lent urge that the indemnification clause must be read in conjunction with the contractual performance bond, which provides in part:

> [S]aid Principal [Lien] ... shall protect the said State ... and pay ... all amounts, damages, costs, judgments which may be recovered against said State or its officers or agents, ... by reason of any damages arising or growing out of the doing of said work or the repair thereof or the manner of doing same, or the neglect of said Principal or his agent or servants ....

Kirwan and Van Lent argue that by entering into the construction contract and furnishing the performance bond, Lien undertook to hold the state employees harmless on account of *any* negligence in "*any*" judgment recovered against them growing out of the project.

■ Lien argues that the indemnification clause provides indemnity only for acts of negligence on the part of the contractor; that the bond is only security for contract compliance by the contractor. Lien argues that there is no explicit and unequivocal expression of intent in the bond to indemni-

---

* Luther M. Swygert, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit.

1. The factual background leading up to the present action is set forth in our prior opinion. This action arises from an automobile accident in which Michael Masuen, alleging negligence by Kirwan and Van Lent in failing to design properly and barricade a county road, recovered a money judgment against Kirwan and Van Lent. They satisfied the judgment on October 12, 1982, and based upon a contract between the State and E.L. Lien & Sons, they now seek indemnity.

fy Kirwan and Van Lent for their own negligence. We do not need to pass on these claims. We agree with the district court that indemnity is expressly precluded under South Dakota law.

Two sections of the South Dakota statutes especially provide for indemnification clauses. Section 56–3–16 provides:

Indemnification of architect or engineer for own errors prohibited in construction contract. Construction contracts, plans and specifications which contain indemnification provisions shall include the following provision:

The obligations of the contractor shall not extend to the liability of the architect or engineer, his agents or employees arising out of

(1) the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, or

(2) the giving of or the failure to give directions or instructions by the architect, or engineer, his agents or employees provided such giving or failure to give is the primary cause of the injury or damage.

S.D. Codified Laws Ann. § 56–3–16 (1980). Section 56–3–17 states:

Conflicting provision in construction contract unlawful and unenforceable. Any indemnification provision in a construction contract in conflict with § 56–3–16 shall be unlawful and unenforceable.

S.D. Codified Laws Ann. § 56–3–17 (1980).

It is undisputed that Kirwan and Van Lent prepared and approved the design and specifications for the signs and barricading of the damaged portion of the road where the accident occurred. The district court determined, and we agree, that Kirwan and Van Lent were agents or employees of "the" engineer if not "the" engineer themselves. Kirwan was a district engineer and Van Lent was a resident engineer, both employed by the State; both were personally connected to this project. Section 1.23 of the contract between Lien and the State defines "Engineer" as "The State Highway Engineer acting directly *or through his duly*

*authorized representatives,* who is responsible for engineering supervision of the construction." (Emphasis added). Section 1.22 defines "District Engineer" as "*A representative of the State Highway Engineer* in charge of assigned operations within his designated district." (Emphasis added).

 Kirwan and Van Lent contend that section 56–3–16 is an affirmative defense and because it was not pleaded by Lien is therefore waived. The district court rejected this contention and held: "If the defense involved is one that merely negates an element of the plaintiff's prima facie case ... it is not truly an affirmative defense and need not be pleaded despite rule 8(c)." *Sanden v. Mayo Clinic,* 495 F.2d 221, 224 (8th Cir.1974). We agree.

For the reasons set forth in the district court opinion denying indemnity, we affirm.