CANAL INSURANCE
COMPANY, Plaintiff,

v.

Alvin Eugene MERRITT and Kevin Lee
Yates, Defendants.

No. 84–0787–CV–W–8.

United States District Court,
W.D. Missouri, W.D.

Nov. 20, 1986.

---

Douglas N. Ghertner, Lee M. Baty, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for plaintiff.

Steven Effertz, Independence, Mo., for defendant Merritt.

John G. O'Connor, Barnett & Ross, Chartered, Kansas City, Kan., for defendant Yates.

## ORDER

STEVENS, District Judge.

On December 27, 1978, Kevin Yates was injured when the tractor-trailer rig in which he was a passenger collided with an automobile driven by Pasquale Cassarino near the intersection of Interstate 70 and Van Brunt in Kansas City, Missouri. Yates and Alvin Merritt, the driver of the rig, were both employees of Stafos Farms, a Kansas corporation, and were en route to picking up a load for their employer at the time of the accident. On December 27, 1983, Yates filed a negligence action in the Circuit Court of Jackson County, Missouri naming Merritt and Cassarino as defendants. On July 11, 1984, the Canal Insurance Company, Stafos Farms' insurance carrier, filed a declaratory judgment action in this court under 28 U.S.C. § 2201, seeking a declaration that due to certain exclusion provisions in its policy with Stafos Farms it has no obligation to defend Merritt or to pay any judgment Yates may obtain against him in his state court action. On July 15, 1986, Canal moved for summary judgment. Yates, in opposition to Canal's motion, contends that the exclusions relied upon by Canal are void under Kansas law. The validity of Canal's exclusion provisions are thus before the court on Canal's motion for summary judgment. For reasons explained below, Canal's motion for summary judgment is denied, and its complaint dismissed.

Preliminarily, the court must address Canal's contention that because Yates' claim that Canal's exclusion provisions are illegal under Kansas law is an affirmative defense which he did not plead in his initial answer to its petition for declaratory judgment, this defense has been waived and cannot be considered in the instant proceeding. The court disagrees.

First, although it is generally true that the affirmative defense of illegality is

waived if not pled, *see* Fed.R.Civ.P. 8(c), a pleading may be amended by leave of court when justice so requires. Fed.R.Civ.P. 15(a). Yates sought such leave in his papers in opposition to Canal's motion for summary judgment. *See* Defendant's Supplemental Memorandum in Opposition at 1. Though Canal has objected to the introduction of this defense in this proceeding, the court may nevertheless permit a party to amend his pleading when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that to do so would unfairly prejudice him. *See* Fed.R.Civ.P. 15(b). In the present case, it should go without saying that a consideration of the legality of the controverted exclusion provisions will aid the court greatly in declaring the rights and obligations of the parties under an insurance policy containing those exclusions; indeed, this court cannot properly discharge its duty under section 2201 should it hear only one side of the argument on the merits as to this issue. To refuse to hear Yates' proferred defense at this juncture raises the very real possibility that the court will be relegated to the function of rubber-stamping plaintiff's own definition of its rights under the policy. It will take more than an incantation of the formalism of Rule 8(c) for this court to countenance such a possibility.[1]

Further, Canal has failed to convince the court that it will be prejudiced in any way should the court consider Yates' proferred defense. Should Yates be permitted to state his defense, Canal's declaratory judgment action can still be decided as matter of law, without the additional expense and delay of further discovery. Indeed, Canal would appear to be "prejudiced" only in the pickwickian sense that it must now face the possibility that its policy exclusions are invalid and that it may after all be exposed to potential liabilities. This sense is no real sense at all.[2]

■ Second, the court is not persuaded that the issue Yates seeks to interpose at this juncture is truly an affirmative defense, properly so called, within the meaning of Rule 8(c). In his answer, Yates denied those parts of Canal's complaint which rest upon the operative validity of the exclusion provisions in question. In order for Canal to state a claim for the relief it seeks, these provisions must be valid ones. When a defense is one that negates an element of the plaintiff's prima facie case, it is not truly an affirmative defense and need not be pleaded despite Rule 8(c). *Sanden v. Mayo Clinic*, 495 F.2d 221, 224 (8th Cir.1974) (citations omitted); *Masuen v. E.L. Lien & Sons, Inc.*, 714 F.2d 55 (8th Cir.1983) (per curiam). The *Masuen* case is particularly instructive. In *Masuen*, an indemnitor sought to argue that under state law, its contract of indemnification was invalid. The indemnitee argued that Rule 8(c) barred the indemnitor's invalidity defense because it had not been pled. The district court rejected this appeal to Rule 8(c), and reached the merits of the argument that the contract provision was invalid under state law. The Eighth Circuit endorsed the district court's approach. *Masuen*, 714 F.2d at 57.

The present case is simply the flip-side of *Masuen:* here, the indemnitee is the party seeking to assert the defense that certain policy provisions are invalid under state law, and the indemnitor invokes Rule 8(c). The court finds the cases indistinguishable. In his answer, Yates concedes no color to Canal's claim, *see Sanden*, 495 F.2d at 224, and now raises a state-law defense which, if true, would negate a contention necessarily implicit in Canal's prima facie case, namely, that its exclusion provisions are

---

1. Indeed, both the United States Supreme Court and the Eighth Circuit have rejected such formalism. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537 (8th Cir.1977) (party opposing amendment must show prejudice, bad faith, or undue delay); *see also Groninger v. Davison*, 364 F.2d 638 (8th Cir.1966)

(Rule 8(c) cannot be read in a vacuum, but rather must be treated in conjunction with Rule 15).

2. Similarly, Canal has made no showing of bad faith or undue delay, and neither is apparent from the record. *See Beeck, supra* note 1.

valid and preclude coverage. In sum, Rule 8(c) does not bar Yates from asserting his proferred defense.[3]

Finally, the court believes that, even though Rule 8(c) is not in terms applicable in this case, Canal nevertheless has been availed of the salutary policy underlying the rule. The purpose of Rule 8(c) is to give the opposing party notice of a defense and an opportunity to argue, if he can, why his claim should not be barred by that defense. See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 350, 91 S.Ct. 1434, 1453–54, 28 L.Ed.2d 788 (1971). In this case, Canal has been put on notice of Yates' defense and has been afforded and has taken advantage of the opportunity to demonstrate that the defense does not bar the declaratory relief it seeks. To entertain the merits of Yates' defense, then, does no violence to the policy embodied by the rule.

■ Now the court turns to the merits of the case. At issue is the validity of two exclusion provisions contained in Canal's liability insurance policy with Stafos Farms. Section A(I)(c) provides, in pertinent part, "This insurance does not apply ... to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury." In addition, Section III(i) provides, "None of the following is an insured: any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment." It is Canal's position that Section A(I)(c) relieves it of any obligation to defend Merritt, the Stafos Farms' employee who was driving the tractor-trailer at the time of the accident, or to pay any sum which he may become obligated to pay as a result of the suit instituted against

him and Cassarino, the driver of the other vehicle, by Yates in state court. Canal further contends that Section III(i), taken together with Section A(I)(c), relieves it of any obligation to compensate Yates for his injuries because at the time of the accident he was a Stafos Farms employee injured in the course of his employment. Yates has taken the position that these provisions, which are designed to exclude from coverage injuries to employees sustained in motor vehicle accidents that occur during the course of employment, are invalid under the Kansas Automobile Injury Reparations Act, K.S.A. §§ 40–3101 et seq. (1981 & Supp.1985) (the Act).

This court is of the opinion that, were the matter before the Kansas Supreme Court, that court would determine that the exclusion provisions are indeed invalid under the Act. Section 40–3107 of the Act is entitled "Motor vehicle liability insurance policies; required contents; exclusions of coverage." Subsection (b), the core of section 40–3107, requires every motor vehicle liability insurance policy to insure the named insured and "any other person, as insured, using any such vehicle with the expressed or implied consent of such named insured, against loss from the liability imposed by law for damages arising out of the ... use of any such vehicle...." It is the mandate of K.S.A. § 40–3107(b) that insurers insure permissive users, Ohio Casualty Insurance Co. v. State Farm Automobile Insurance Co., 601 F.Supp. 345, 349 (D.Kan. 1984), and K.S.A. § 40–3107(g) directs courts to construe insurance policies in such a manner as to obligate the insurer to meet this mandate.

The Kansas legislature, when it has intended to permit exceptions to the mandate of K.S.A. §§ 40–3107(b) and (g), has amended section 40–3107 to provide for such discrete and limited exceptions. These exceptions are listed in K.S.A. §§ 40–3107(h) and

---

**3.** Given the foregoing discussion, it should be clear that the court finds it of no legal consequence that Yates sought leave to amend in his papers in opposition to Canal's motion for summary judgment rather than in a motion for leave to amend prior to the filing of Canal's

motion. Canal has cited Canal Insurance Co. v. Earnshaw, 629 F.Supp. 114 (D.Kan.1985), in support of its position on this issue. To the extent that the Earnshaw court's reasoning diverges from its own, this court must respectfully register its disagreement with it.

(i). Subsection (i)(8) provides that, notwithstanding the mandate of K.S.A. § 40–3107(b), an insurer may exclude coverage "for any obligation of the insured to indemnify another for damages resulting from bodily injury to the insured's employee by accident arising out of and in the course of such employee's employment." Subsection (i)(9) permits an insurer to exclude coverage "for bodily injury to any fellow employee of the insured arising out of and in the course of such employee's employment." K.S.A. § 40–3107 (Supp.1985). Canal's Section A(I)(c) incorporates the statutory exclusion permitted by subsection (i)(8), and Canal's Section III(i) incorporates the statutory exclusion permitted by subsection (i)(9). These statutory exclusions, however, did not become effective until July 1984. At all times prior to July 1984, and in particular at the time Canal issued its policy to Stafos Farms (July 1978), this court is convinced that the Kansas legislature did not authorize, and would not have recognized as valid, insurance policy provisions excluding employees from the class of permissive users subject to the mandate of K.S.A. § 40–3107(b). At the time the policy was written, Kansas law required Canal to include in its policy with Stafos Farms precisely that type of coverage which, as of July 1984, the law allowed it to exclude, namely, coverage for a permissive employee user who may become liable for injury to a fellow employee arising out of and in the course of employment. To suppose otherwise would be tantamount to concluding that in passing the 1984 amendments, the Kansas legislature engaged in an utterly unnecessary act. To accept Canal's argument that the 1984 amendments do not vitiate its 1978 exclusions, *see* Plaintiff's Memorandum of September 16, 1986 at 3–4, this court would have to draw precisely such a conclusion. It is unwilling to do so.

Where an exclusion is contrary to the provisions of the Act, the Kansas Supreme Court has steadfastly invalidated the exclusion. *See DeWitt v. Young,* 229 Kan. 474, 625 P.2d 478 (1981) (striking down the so-called "garage shop" exclusion) and cases cited therein. This court, then, must hold that, as a matter of Kansas law, the exclusions contained in Sections I(A)(c) and III(i) of its policy issued to Stafos Farms for the period July 2, 1978 through July 2, 1979 are invalid.

It is therefore

ORDERED that Canal's motion for summary judgment is denied, and its complaint dismissed.