Lynn MARTIN, Secretary of Labor,
United States Department of
Labor, Appellant,

v.

TONY AND SUSAN ALAMO FOUNDA-
TION; Tony Alamo, Susan Alamo,
Larry Larouche, Appellees.

No. 91–1465.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1991.

Decided Jan. 3, 1992.

Carol Arnold, Washington, D.C., argued (Robert P. Davis, Monica Gallagher and William J. Stone, on the brief), for appellant.

Roy Gean, III, Fort Smith, Ark., argued, for appellees.

Before McMILLIAN, FAGG and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

The Secretary of Labor brought this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219 (1988), against the Tony and Susan Alamo Foundation, Tony Alamo, Susan Alamo, and Larry LaRouche (collectively the Foundation) to collect backpay owed to the Foundation's employees. In *Brock v. Tony & Susan*

*Alamo Foundation*, 842 F.2d 1018, 1020–21 (8th Cir.1988), we remanded this case to the district court to "award benefits to those employees who were improperly denied compensation." On remand the district court rejected the Secretary's proposed judgment, concluded no remaining backpay was owed to the employees, and dismissed the Secretary's claims. We reverse and remand to the district court for further proceedings consistent with this opinion.

The controlling facts in this appeal are quite simple. The Secretary brought this action to collect backpay owed to Foundation employees under the FLSA's minimum wage and overtime compensation provisions. *See* 29 U.S.C. §§ 206–207. The district court enjoined the Foundation from violating the FLSA and awarded backpay to certain employees who testified about the number of hours they worked. The district court acknowledged " '[t]here were ... other [employees] of the Foundation who performed work for which they were not properly compensated under the [FLSA],' " but declined to award backpay because the Foundation did not keep records of the hours its employees worked and there was no " 'credible evidence [on] which to ... identi[fy] ... [the nontestifying employees], the time period which they worked, or the compensation they are due.' " *Brock v. Tony and Susan Alamo Foundation*, 842 F.2d at 1019. We reversed and remanded, holding "that the district court must estimate and fashion a reasonable remedy that restores as fully as possible all the employees covered by the FLSA who were improperly denied compensation, regardless of the lack of records." *Id.* at 1019.

On remand the district court ordered the Secretary to submit a proposed judgment "reflecting an award for each [employee] identified by the [Foundation] and acknowledged as having worked in the [Foundation's] commercial businesses" based on the backpay awarded earlier to the testifying employees. The Foundation objected to the Secretary's proposed judgment, contending the judgment overstated the amount of backpay the nontestifying employees were entitled to receive. The Foundation argued the nontestifying employees' backpay award should be based on lists the Foundation submitted identifying the nontestifying employees and approximating the number of hours the employees worked. Further, the Foundation contended the judgment did not account for nonsalary benefits the Foundation provided its employees, which could be offset against any backpay the Foundation owed. *See* 29 U.S.C. § 203(m).

Although the district court had earlier found "[t]he Foundation maintain[ed] no records of the hours worked by [its employees] ... [and] [t]he records which were 'reconstructed' for this litigation do not accurately reflect the hours worked ... and are of no benefit to the [c]ourt," *Donovan v. Tony & Susan Alamo Foundation*, 567 F.Supp. 556, 562 (W.D.Ark.1982) (subsequent history omitted), the district court ordered the Secretary to revise the proposed judgment using the Foundation's unsubstantiated approximations of the nontestifying employees' hours and subtracting the section 203(m) benefits the Foundation had provided its employees. Because using the Foundation's approximations resulted in no backpay award, the district court dismissed the Secretary's claims.

■ On appeal the Secretary contends the district court failed to carry out this court's mandate by ordering the Secretary to base its proposed judgment on the Foundation's unsubstantiated approximations of the nontestifying employees' hours, rather than the Secretary's "pattern or practice" evidence based on the hours the testifying employees worked. We agree. Throughout this litigation the Foundation maintained it had no records of the hours its employees worked. Yet, after this court remanded the case to the district court to fashion a remedy for the nontestifying employees "regardless of the lack of records," 842 F.2d at 1019, the Foundation came forward and "set forth in detail (based upon all available records and information ...) the names of the [employees] ..., the number of hours the [employees] worked ..., and the type of work done by each [employ-

ee]," Foundation Brief at 3. Recognizing the Foundation's creative record keeping for what it is—a last-ditch attempt to subvert this court's earlier opinion—we reject the Foundation's belated offering.

We issued our opinion on a fully developed record, including the district court's findings that the Foundation maintained no employee work records and the Foundation's "reconstructed" records were inaccurate. Our opinion thus foreclosed the Foundation from attacking the Secretary's "pattern or practice" evidence on remand with self-serving, unsubstantiated approximations of the hours its employees worked. *See Houghton v. McDonnell Douglas Corp.*, 627 F.2d 858, 864–65 (8th Cir.1980). Based on the record before the court, we held the nontestifying employees were entitled to recover backpay, and "[t]he district court simply could not make a contrary determination." *Id.* at 865. Indeed, the district court was bound to follow this court's opinion directing the district court to fashion a remedy for the nontestifying employees. *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456 (8th Cir.1990).

In remanding this case to the district court we cited *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946), in which the Supreme Court made clear that when an employer has failed to keep proper records, courts should not hesitate to award damages based on the "just and reasonable inference" from the evidence presented, *id.* at 687. We contemplated the district court awarding backpay to the nontestifying employees based on the fairly representative testimony of the testifying employees. *See, e.g., McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir.1988), *cert. denied*, 488 U.S. 1040, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir.1985); *Donovan v. Burger King Corp.*, 672 F.2d 221, 224–25 (1st Cir.1982). The Foundation "cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had [the Foundation] kept records in accordance with the [FLSA]." *Mt. Clemens Pottery*, 328 U.S. at 688, 66 S.Ct. at 1192. Thus, the district court committed error in rejecting the Secretary's proposed judgment for the nontestifying employees that was based on the backpay awards made to the testifying employees.

The Secretary also contends the proposed judgment properly credits the Foundation for the section 203(m) benefits the Foundation provided its employees. Having reviewed the record, we agree. The district court made express findings concerning the value of the section 203(m) benefits the Foundation provided its employees. 567 F.Supp. at 563–70. In its proposed order the Secretary relied on the district court's findings and reduced the employees' backpay awards by the value of those benefits. The district court simply overlooked that the Secretary accounted for the section 203(m) benefits in its proposed order.

Accordingly, we reverse the district court's order dismissing the Secretary's claims against the Foundation seeking backpay for the nontestifying employees. We remand this case to the district court to enter an order awarding the nontestifying employees backpay in conformity with the Secretary's proposed judgment.