DAVIDSON & SCHAAFF,
INC., Appellant,

v.

LIBERTY NATIONAL FIRE INSUR-
ANCE COMPANY, an Alabama Corpo-
ration; J. Gordon Gaines, Inc., a Dela-
ware Corporation, Appellees.

No. 94–3953.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1995.

Decided Nov. 6, 1995.

Rehearing and Suggestion for Rehearing
En Banc Denied Jan. 18, 1996.

Patrick Lysaught, Kansas City, MO, argued (James R. Arnold, on the brief), for appellant.

Michael J. Thompson, Kansas City, MO, argued (J. Randall Coffey, on the brief), for appellee.

Before WOLLMAN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

WOLLMAN, Circuit Judge.

Davidson & Schaaff, Inc. (D & S) appeals the district court's[1] grant of summary judgment to Liberty National Insurance Co. (Liberty National) and J. Gordon Gaines, Inc. (Gaines) on D & S's claims in this diversity action alleging breach of contract, inducing breach of contract, fraudulent misrepresentation, civil conspiracy, and tortious interference with a business relationship. We affirm.

D & S entered into a brokerage agreement with Gaines to sell insurance for Liberty National.[2] Liberty National and Gaines are both wholly-owned subsidiaries of Liberty Management Services, Inc. D & S placed insurance for Supermarket Insurance Agency (Supermarket), a wholly-owned subsidiary of Associated Wholesale Grocers, Inc. (Associated Grocers), with Liberty National. Supermarket asked that D & S not include a commission in the quote from Liberty National. Instead, Supermarket agreed to pay D & S $75,000 for placing the insurance. D & S did not receive a commission from Liberty National. For purposes of its motion for summary judgment, Liberty National conceded that it terminated D & S as a broker and renewed the policies directly with Supermarket, leaving D & S without a commission

for the renewals. Liberty National argued, however, that because it did not solicit the renewals but was approached by Supermarket, the direct renewals were lawful.

D & S argues on appeal that the district court chose the wrong law to apply to the breach of contract, fraudulent misrepresentation, and civil conspiracy claims, improperly excluded D & S's supplemental opposition to the motion for summary judgment, improperly allowed Liberty National to raise an affirmative defense in its motion for summary judgment, and erred in granting defendants summary judgment on the merits.

■ A district court applies the choice of law rules of the state in which it sits. We review the district court's application of the state's choice-of-law rule *de novo*. *Educational Employees Credit Union v. Mutual Guar. Corp.*, 50 F.3d 1432, 1437 (8th Cir. 1995). Missouri courts apply the significant relationship test found in the Restatement (Second) of Conflicts of Law (1971). *Birnstill v. Home Sav. of America*, 907 F.2d 795, 797 (1990). Although the Restatement provides that the rights created by an insurance contract are governed by the state where the insured risk is located, no single location exists in this case, as the Associated Grocers member stores are located in Missouri, Kansas, Oklahoma, and Arkansas. *See* Restatement (Second) of Conflicts of Law § 193 (1971). D & S argued to the district court that Missouri law should apply to the contract claim. The district court applied Missouri law, and D & S now argues on appeal that Kansas law should apply to the claim. The rule that we will not address arguments raised for the first time on appeal, *see Andes v. Knox*, 905 F.2d 188, 189 (8th Cir.), *cert. denied*, 498 U.S. 952, 111 S.Ct. 373, 112 L.Ed.2d 335 (1990), applies even more forcefully when the appellant took the opposite position in the district court. Thus, we will apply Missouri law to the contract claim. The district court correctly applied Kansas law to the remaining tort claims. Kansas, as

1. The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

2. The brokerage agreement states that "Gaines recognizes the independent ownership by producer of the insurance business subject to this agreement," but does not specify commissions to be paid.

D & S's place of business, is where the injury occurred, and was thus the most significant contact. *See Birnstill,* 907 F.2d at 797. We find D & S's attempts to apply the law of different states to the various tort claims unpersuasive. In any event, we do not believe the choice of state law alters the outcome of the case.

■ We review the district court's grant of summary judgment *de novo,* and we will affirm if the evidence, viewed in the light most favorable to the non-moving party, shows that no dispute of material fact exists and that the moving party is entitled to judgment as a matter of law. *Michalski v. Bank of America Ariz.,* 66 F.3d 993, 995 (8th Cir.1995). Because this is a diversity case, we also review *de novo* the district court's interpretation of state law. *Id.* (citing *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991)).

■ We conclude that the district court correctly granted summary judgment to defendants on D & S's claims on the basis of our decision in *Fred Miller Co. v. Empire Fire & Marine Ins. Co.,* 503 F.2d 751 (8th Cir.1974). In that case, a general insurance agent brought an action against an insurance company to recover for an alleged interference with the agent's use and control of expirations guaranteed him by the general agency agreement. We remanded for the district court to resolve whether the insurance company directly solicited subagents in violation of its agreement with the general agent. *Id.* at 758. We stated that while the insurance company could not solicit the subagents, the general agent was not protected against acts of the insured that could defeat his ownership and control of the expirations, for an insured may place his business with whomever he pleases. *Id.* at 754.

D & S's argument that *Fred Miller* is no longer good law, and its attempts to distinguish the case on the grounds that it applies only to tortious interference claims or distinguishable contract claims, are unpersuasive. The rationale of *Fred Miller* transcends tortious interference claims and encompasses the relationships of parties in the insurance industry in general. The same relationships are present in this action. D & S's evidence did not establish that the American agency system described in *Fred Miller* has been replaced or changed to such an extent that we should not apply the analysis of that case to the present case.

■ The district court correctly found that D & S did not submit sufficient evidence to create a genuine dispute about whether Liberty National approached Supermarket for the insurance renewal. Defendants submitted the affidavit of Lanny Riedel, a Supermarket employee, who attested that Supermarket was unhappy with the $75,000 fee it had originally paid D & S and believed there was no need for D & S's involvement in negotiating the renewal. In response, Charles Schaaff stated in his deposition that Liberty National approached Supermarket about renewing the insurance. He did not state any basis for that knowledge, however. Such evidence was insufficient to create a factual dispute. *See JRT, Inc. v. TCBY Sys., Inc.,* 52 F.3d 734, 737 (8th Cir.1995). D & S relies heavily on a letter Liberty National sent to Snyder as evidence that Liberty National solicited Supermarket's renewals. The letter, however, was nothing more than a customer service letter sent to all new clients, and it did not solicit Supermarket's future business.

■ Because the unrebutted evidence showed that Supermarket approached Liberty National, and because the interests of the insured are paramount to the ownership interest of the agent, the contract was not breached. D & S's breach of contract claim thus fails. We find it significant that D & S could have attempted to find another insurer for Supermarket without interference from Liberty National but did not attempt to do so. Thus, D & S rendered no service for the renewals. It follows that D & S's claim for inducing breach of contract also fails.

■ The *Fred Miller* analysis also invalidates D & S's tortious interference and conspiracy claims. Although *Fred Miller* involved Missouri law, the case was not based on any concept unique to Missouri, but was instead based on concepts generally applicable to the insurance industry. The tortious

interference claim requires intentional misconduct, *see Noller v. GMC Truck & Coach Div.*, 13 Kan.App.2d 13, 760 P.2d 688, 698–99 (1988), *rev'd in part on other grounds*, 244 Kan. 612, 772 P.2d 271 (1989), and the conspiracy claim requires an unlawful act, *see State ex rel. Mays v. Ridenhour*, 248 Kan. 919, 811 P.2d 1220, 1226 (1991), on Liberty National's part. Because Supermarket approached Liberty National, defendants did nothing wrong. In any event, as to the conspiracy claim, we are persuaded by Liberty National's argument that two subsidiaries of the same parent cannot conspire. *See Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771, 104 S.Ct. 2731, 2741–42, 81 L.Ed.2d 628 (1984) (parents and subsidiaries cannot conspire); *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 277 (8th Cir.1988) (sister corporations cannot conspire).

▪ Finally, we find that the district court correctly granted summary judgment on D & S's claim that Liberty National made fraudulent misrepresentations at the time of contracting and accepting the Supermarket business. To prevail on a fraudulent misrepresentation claim, D & S would have to show that Liberty National knowingly made false representations to it. *See Unified Sch. Dist. No. 500 v. United States Gypsum Co.*, 788 F.Supp. 1173, 1176 (D.Kan.1992) (elements of claim). The district court correctly found that the evidence was insufficient for a jury to make such a finding by clear and convincing evidence, as fraud is never presumed. *See Waxse v. Reserve Life Ins. Co.*, 248 Kan. 582, 809 P.2d 533, 536 (1991). D & S presented no direct evidence that Liberty National knowingly made false representations to it.

▪ We find that the district court did not abuse its discretion in denying D & S leave to file supplemental opposition to defendants' motion for summary judgment. *See Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse–Wisconsin, Inc.*, 991 F.2d 1249, 1257 (7th Cir.1993) (standard of review). D & S attempted to file twenty-eight pages of supplemental suggestions in opposition and an additional affidavit after defendants had already replied to D &

S's opposition. D & S argued that the defendants had raised new arguments in the reply. The district court noted that D & S had already been allowed to file opposition twice the page limit provided by the local rule. We find no new arguments in defendants' reply, nor any other reason why D & S did not submit the additional evidence with its initial response to the motion for summary judgment. The affidavit of Rebecca Hoffman, a former Gaines employee, proffered by D & S, consisted of speculation and hearsay testimony that would not have been admissible to prove the allegations at trial. *See JRT, Inc.*, 52 F.3d at 737 (successful summary judgment defense requires more than inadmissible, hearsay-based affidavit).

We also find unpersuasive D & S's contention that Liberty National was barred from raising in its motion for summary judgment the argument that Supermarket had first contacted Liberty National concerning renewals. D & S's complaint stated that defendants had contacted Associated Grocers for the renewals, an allegation the defendants denied in their answer. In addition, the argument was not an affirmative defense, but simply negated an element of D & S's prima facie case. *See Masuen v. E.L. Lien & Sons, Inc.*, 714 F.2d 55, 57 (8th Cir.1983) (per curiam).

▪ D & S filed a separate notice of appeal from the district court's denial of its motion to reconsider under Federal Rule of Civil Procedure 59(e). We conclude that the district court did not abuse its discretion in denying the motion. *See Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir.1993) (standard of review), *cert. denied*, —— U.S. ——, 114 S.Ct. 926, 127 L.Ed.2d 218 (1994). D & S did not provide a valid reason for failing to submit the Hoffman affidavit and the unsigned affidavit of Robert Kelly, a Liberty National employee, with its opposition to. summary judgment. *See id.* (motion cannot be used to raise arguments that could have been raised prior to judgment).

One final comment. At oral argument, we rebuked D & S's counsel for the several unwarranted, unprofessional aspersions in D

& S's briefs directed at the district court's treatment of the case. We accepted counsel's apologies for those comments, and so we will not detail them here, other than to say that they were totally uncalled for and far beyond the pale of responsible advocacy.

The judgment is affirmed.