# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4308WMS

_____

ALEXIS M. HERMAN, SECRETARY   *
OF LABOR,   *
  *
     Appellee,   *
  *
    v.   *   Appeal from the
  *   United States District Court
RICH KRAMER CONSTRUCTION,   *   For the Western District
INC.,   *   of Missouri, Southern
  *   Division
     Appellant.   *
    [UNPUBLISHED]

_____

Submitted: June 10, 1998
Filed: September 21, 1998

_____

Before RICHARD S. ARNOLD and MORRIS SHEPPARD ARNOLD, Circuit
    Judges, and PANNER[1], District Judge

_____

PER CURIAM

    The Secretary of Labor brings this action against Rich Kramer Construction, Inc.
(Kramer), claiming that Kramer failed to pay overtime to six employees, violating the Fair

_____

    [1]The Honorable Owen M. Panner, United States District Judge for the District
of Oregon, sitting by designation.

Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.  After a bench trial, the District Court[2] ruled that Kramer should have paid employees for traveling to and from job sites.

Kramer appeals.  We affirm.

## BACKGROUND

Kramer constructed metal buildings, usually within sixty miles of its shop in Springfield, Missouri.  Kramer employed five foremen, who drove company-owned trucks carrying laborers, equipment, and supplies from Kramer's shop to job sites.  Early in the morning before driving to a job site, the foremen loaded trucks, received crew assignments, and studied blueprints.  When the foremen returned to Kramer's headquarters after a day's work, they filled out time-sheets, unloaded and locked the trucks, and secured equipment.  Kramer did not pay foremen for travel time to and from job sites or for time spent in the shop before and after their regular shifts.

Kramer employed a bookkeeper, Joyce King.  Kramer did not pay King overtime wages unless she worked more than forty-five hours in a week.

After a bench trial, the District Court ruled that Kramer should have paid foremen for shop time and travel time.  Based on its finding that Kramer failed to pay foremen for one hour per weekday and two hours per alternate Saturdays, the District Court awarded a total of $32,940 in back wages, plus prejudgment interest.

The District Court granted the Secretary's motion to alter the judgment.  The District Court concluded that Kramer had failed to prove that its bookkeeper fell under an exemption for administrative employees, 29 C.F.R. § 541.2, and awarded the bookkeeper $660 in back wages.  The District Court denied Kramer's post-judgment

_____

[2]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

motion, ruling that Kramer was on notice that the Secretary sought back wages from September 1993 to September 1995.

## DISCUSSION

I. Appeal from Summary Judgment Order

Kramer appeals the District Court's partial denial of its motion for summary judgment. An order denying summary judgment, however, is "not appealable after a full trial on the merits." Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co., 19 F.3d 431, 434 (8th Cir. 1994); Metropolitan Life Ins. Co. v. Golden Triangle, 121 F.3d 351, 356 (8th Cir. 1997).

II. Appeal from Final Judgment
    A. Standard of Review

In an FLSA action, we review for clear error the district court's findings on the number of hours worked and the duties performed by an employee. See Reich v. Stewart, 121 F.3d 400, 404 (8th Cir. 1997). We review de novo whether activities before or after an employee's official work shift are compensable. See Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 738-39 n.13 (1981).

    B. Travel Time

Kramer contends that the Portal to Portal Act, 29 U.S.C. §§ 251-262, exempts the foremen's travel time. We agree, however, with the District Court that driving to job sites was compensable as a principal activity because Kramer could not have constructed buildings without the tools, supplies, and employees transported by foremen. See Secretary v. E.R. Field, Inc., 495 F.2d 749, 751 (1st Cir. 1974). Although providing trucks may have been convenient for the foremen, it also benefited Kramer. See id. (activity compensable if done partially for employer's benefit, even if employee also benefits).

3

Alternatively, travel time was compensable because the work day began when foremen reported to the shop. 29 C.F.R. § 785.38 (if employer requires employees to report at meeting place to receive instructions or to pick up and carry tools, "travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice"); Dole v. Enduro Plumbing, Inc., No. 88-7041-RMT (KX), 1990 WL 252270, at *5 (C.D. Cal. Oct. 16, 1990).

Kramer argues that the travel time is excluded from FLSA coverage by the Employee Commuting Flexibility Act of 1996 (ECFA), which amended the Portal to Portal Act, 29 U.S.C. § 254. Section 254 now provides that

> the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

The District Court correctly held that the ECFA did not apply because Kramer's foremen were not using the company trucks to commute between home and work, but to drive between work and job sites. Cf. Baker v. GTE North Inc., 110 F.3d 28, 30-31 (7th Cir. 1997) (ECFA applied to employee who parked company vehicle two miles from home and drove own car rest of the way; employee was entitled to drive company vehicle home). The foremen were not merely commuting but were also transporting other employees, equipment, and supplies.

C. Shop Time

Kramer contends that its foremen's shop time is not compensable either because it was preliminary or "postliminary" to regular work, or because the amount of shop time was de minimis. See 29 U.S.C. § 254(a)(2) (exempting from FLSA coverage "activities

4

which are preliminary to or postliminary to . . . principal activity or activities"); <u>Bobo v. United States</u>, 136 F.3d 1465, 1468 (Fed. Cir. 1998) (applying test for determining whether work was so brief or sporadic as to be de minimis). The District Court did not err in concluding that the foremen's shop time benefited Kramer, and that the shop time, though brief, should be aggregated with travel time to determine total uncompensated time.

### D. Calculation of Damages

Kramer challenges the District Court's calculation of damages. Because Kramer did not keep records on travel time or most shop time, the District Court properly drew reasonable inferences from the evidence at trial. <u>See</u> <u>Martin v. Tony & Susan Alamo Foundation</u>, 952 F.2d 1050, 1052 (8th Cir. 1992) ("[W]hen an employer has failed to keep proper records, courts should not hesitate to award damages based on the 'just and reasonable inference' from the evidence presented.") (quoting <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687 (1946)). The District Court's calculation of damages is not clearly erroneous.

## III. Post-Judgment Issues

The District Court did not abuse its discretion in ruling that Kramer should have known that the Secretary's claims encompassed FLSA violations from September 1993 to September 1995, when the complaint was filed. <u>See</u> <u>Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians</u>, 911 F.2d 137, 139 (8th Cir. 1990) (rulings on post-judgment motions under Fed. R. Civ. P. 59 reviewed for abuse of discretion). The complaint and other documents put Kramer on notice of the relevant period.

We also see no abuse of discretion in the District Court's post-judgment ruling that Kramer failed to establish that the bookkeeper was an administrative employee.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.