# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1074
_____

Thomas E. Perez, Secretary of Labor

*Plaintiff - Appellee*

v.

Contingent Care, LLC; Endless Possibilities, LLC; Wolfgang J. Shields

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 18, 2015
Filed: April 7, 2016

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Wolfgang J. Shields, Contingent Care, LLC, and Endless Possibilities, LLC ("Appellants"), appeal from the district court[1] judgment under the Fair Labor Standards Act ("FLSA") in favor of the Secretary of Labor ("Secretary") for

---

[1] The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

$92,402.35 in unpaid wages, pre-judgment and post-judgment interest, as well as a prospective injunction. Appellants assert that the court erred both in finding that FLSA overtime requirements apply because Endless Possibilities is either not a covered enterprise or Appellants' employees are exempt, and in calculating the amount of damages. Finding each argument without merit, we affirm.

I.

Contingent Care is located in Kansas City, Missouri and supplies employee labor to Endless Possibilities, a day care which provides custodial care and educational services to young children. Since 1998, Shields has been the 95% owner of Endless Possibilities and 100% owner of Contingent Care. Between December 2008 and March 2014, Appellants employed over 100 workers. These workers provided child care, planned lessons, and taught reading and math. Appellants utilized a clock-in, clock-out system to track the hours each employee spent working and to create weekly timecards. Timecards indicate that many employees frequently worked over 40 hours per week.

In 2005, Investigator Carol Puttroff of the Wage and Hour Division of the Department of Labor ("DOL") conducted an investigation of Endless Possibilities. Puttroff found that Endless Possibilities had violated the FLSA by paying straight time for work in excess of 40 hours per week. Puttroff informed Shields that such work constituted overtime and must be compensated at a rate of one-and-a-half times the hourly rate. Puttroff additionally explained to Shields the FLSA's overtime and recordkeeping requirements and provided Shields with written guidance on complying with the FLSA. Shields entered a plan to pay the back wages owed and agreed to correct the existing issues and comply with the FLSA in future.

In 2008, Investigator Linda Gibbons of the Wage and Hour Division of the DOL conducted another investigation of Endless Possibilities, which by that point

included Contingent Care and Shields. The investigation again revealed recordkeeping and overtime violations. Appellants had kept records of hours worked on a monthly basis, and had continued to pay straight time for hours worked in excess of 40 hours per week when the days fell on Saturday or Sunday. Gibbons explained the violations and that future violations could result in assessment of FLSA civil monetary penalties. Gibbons also provided written and verbal guidance on complying with the FLSA. Again, Shields agreed to make changes to comply and to pay back wages.

In November 2010, Investigator Deann Alvarado of the Wage and Hour Division began a third investigation into Appellants. Alvarado analyzed payroll records, timecards, payroll detail sheets, and payday schedules. She interviewed Shields, as well as current and former employees. Alvarado determined that there were recordkeeping, overtime, minimum wage, and late payment FLSA violations. Alvarado compiled the available data into spreadsheets and calculated that $92,402.35 in back wages were owed. In September 2011, the Secretary filed a lawsuit against Appellants alleging each type of FLSA violation that Alvarado had discovered.

At trial, the Secretary called five witnesses, Investigators Puttroff, Gibbons, and Alvarado, and two former employees of the Appellants. The district court found their testimony to be "coherent, logical, [] consistent, and [] corroborated by the other evidence introduced at trial." Alvarado presented spreadsheets, which the court found to "accurately reflect[] available information, utilize[] reasonable and conservative assumptions, and [be] based on a reliable methodology."

The court held that Endless Possibilities[2] was a covered enterprise under 29 U.S.C. § 203(s)(1)(B) as a "preschool," because it established curricula, employed lesson plan coordinators, gave employees the title of "teachers," advertised that it provided "Reading/Math Services," and served children averaging three years of age. The court also found that Appellants had failed to maintain timecards for various periods of time. No timecards were available for the time period of December 2008 through April 2009. Appellants alleged that the timecards were destroyed by an employee through no fault of their own, but no corroboration was provided, and the district court did not find this explanation to be credible. Various other timecards were missing, as well. Further, the court found that the available records provided inaccurate and conflicting accounts of pay periods and pay dates.

Finally, the court determined that Appellants had failed to compensate overtime at the required one-and-a-half times the hourly rate, and that Appellants also re-categorized part of employees' regular hourly wages into "other pay," in order to avoid including part of employees' hourly wages in the calculation of one-and-a-half times the regular hourly rate required for overtime work. The court found other violations, including failing to pay minimum wage and providing late payments to employees.

Appellants challenge the district court's determinations. First, Appellants argue that they are either not covered by these provisions of the FLSA because they did not qualify as a "preschool" or if the court was correct that Endless Possibilities

---

[2]The district court determined that Contingent Care and Endless Possibilities operated as joint employers, and that based on a prior summary judgment ruling, Shields was also an "employer" under the statute. Thus, the court ruled that all Appellants were subject to FLSA coverage.

is a "preschool," their employees are exempt from overtime pay as "teachers."[3] Second, they argue that the court erred in relying on the Secretary's determination of wages because of calculation errors.

## II.

FLSA overtime requirements apply to enterprises identified in the FLSA and to other enterprises with qualifying annual revenue. Certain employees are exempt from coverage. Appellants argue that if Endless Possibilities is covered by the FLSA's overtime requirements on the basis that it is a "preschool," its employees must be exempt "teachers." See 29 U.S.C. § 203(s)(1)(B) ("preschools" are named entities, covered by the FLSA); 29 U.S.C. § 213(a)(1) (exempt professionals include "any employee employed in the capacity of . . . teacher in elementary or secondary schools").

Whether an enterprise's employees fall within the FLSA's protection is a question of law reviewed de novo. See Reich v. Stewart, 121 F.3d 400, 404 (8th Cir. 1997). Underlying factual findings are reviewed for clear error. See id. In applying the FLSA, "we must liberally construe it 'to apply to the furthest reaches consistent with congressional direction' in fulfillment of its humanitarian and remedial purposes." Brennan v. Plaza Shoe Store, Inc., 522 F.2d 843, 846 (8th Cir. 1975) (citing Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207, 211 (1959)).

---

[3]Appellants also argue that if they do not operate a "preschool," they cannot be subject to overtime requirements based on gross sales because their sales do not exceed $500,000. See 29 U.S.C. § 203(s)(1)(A)(ii) (certain enterprises with gross annual sales exceeding $500,000 are covered). The Secretary argues that this argument is waived. Because Contingent Care is a covered "preschool," we do not address either contention.

We address first Appellants' argument that their employees are exempt teachers because Appellants waived this argument when they failed to raise it below. See Davidson & Schaaff, Inc. v. Liberty Nat. Fire Ins. Co., 69 F.3d 868, 869 (8th Cir. 1995). Appellants even state in their Proposed Findings of Fact and Conclusions of Law that "one must conclude that the employees do *not* qualify for the teacher exemption under section 13(a)(1) of the FLSA." Thus, their contention on appeal is especially undeserving of our consideration. See id., 69 F.3d at 869 ("The rule that we will not address arguments raised for the first time on appeal . . . applies even more forcefully when the appellant took the opposite position in the district court."). Appellants have waived their argument that Contingent Care's employees are exempt as teachers.

The DOL's guidance indicates that Endless Possibilities qualifies as a "preschool." An opinion letter by the Wage and Hour Division of the DOL states:

> [A] preschool . . . provides for the care and protection of infants or preschool children outside their own homes during any portion of a 24-hour day. The term "preschool" includes any establishment or institution which accepts for enrollment children of preschool age for purposes of providing custodial, educational, or development services designed to prepare the children for school in the years before they enter the elementary school grades. This includes day care centers, nursery schools, kindergartens, head start programs and any similar facility primarily engaged in the care and protection of preschool children.

Opinion Letter Fair Labor Standards Act (FLSA), 1999 WL 1002394, at *1.[4] The Sixth and Tenth Circuits have similarly found that custodial day care centers qualify as "preschools." See Reich v. Miss Paula's Day Care Center, Inc., 37 F.3d 1191, 1195 (6th Cir. 1994) (finding day care centers "provide services to children who are not yet required to attend school, i.e., children who are still '*pre* school.'"); United States v. Elledge, 614 F.2d 247, 250 (10th Cir. 1980) (finding that "preschool" includes custodial care providers, in part because § 203(s)(5) also includes custodial care centers like hospitals and other care institutions); cf. Marshall v. Rosemont, Inc., 584 F.2d 319, 321 (9th Cir. 1978) (restricting "preschool" within the FLSA to "an institution of some kind which is a part of the school system."). Because the covered enterprises listed in § 203(s)(1)(B) include both those which provide custodial care and those which provide educational services, and because the court found that Endless Possibilities provides educational services to children of preschool age, the court did not err in finding that Endless Possibilities fits within the meaning of "preschool" as used in § 203(s)(1)(B).

## III.

The district court did not err in calculating damages. Under 29 U.S.C. § 211(c), "[e]very employer subject to any provision of this chapter . . . shall make, keep and preserve such records of the persons employed by him and of the wages,

---

[4]The Secretary's opinion letters are due the weight that is justified by "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it the power to persuade." See Reich v. Delcorp, Inc., 3 F.3d 1181, 1186 (8th Cir. 1993) (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)). "[W]hile not controlling upon the courts by reason of their authority, [the rulings, interpretations and opinions of the Secretary] do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." Id. (quoting Skidmore, 323 U.S. at 140)).

hours, and other conditions and practices of employment maintained by him." "[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . [, t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946) (superseded by statute on other grounds as stated in Carter v. Panama Canal Co., 463 F.2d 1289, 1294 (D.C. Circ. 1972)). "In such a situation . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Id. at 687-88. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." Id. at 688. "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the Act." Marshall v. Van Matre, 634 F.2d 1115, 1119 (8th Cir. 1980) (quoting Anderson, 328 U.S. at 688). Under such circumstances the court "should not hesitate to award damages based on the 'just and reasonable inference' from the evidence presented." Martin v. Tony & Susan Alamo Found., 952 F.2d 1050, 1052 (8th Cir. 1992) (citing Anderson, 328 U.S. at 687). The number of hours an employee has worked is a factual question reviewed for clear error. Stewart, 121 F.3d at 404.

The district court's reliance on the Secretary's calculations and determination of wages owed do not appear to be in error. It was not error for the court to find Appellants' records inadequate and inaccurate. Investigator Alvarado testified that records were missing and conflicting. Evidence established that a number of time

cards were missing.  Further, the district court found that the practice of decreasing wages in the exact amount of newly granted "other pay" resulted in Appellants miscalculating overtime pay due.  Shields testified that the "other pay" was completely unrelated to hours worked and that an employee had destroyed the time cards, but the district court did not find this testimony credible.  None of these determinations are unreasonable.  Based on the testimony provided, it was not error for the court to find that Appellant's records are inadequate or inaccurate.

Thus, all that the Secretary was required to provide was sufficient evidence upon which the court could draw reasonable inferences.  See Anderson, 328 U.S. at 687.  Here, Investigator Alvarado went through the available time cards and pay stubs and matched them to determine what hours were worked and unpaid.  Investigator Alvarado testified, and the spreadsheets and calculations reflect, that she used a Monday-Sunday week to determine wages due, despite Appellants' arguments, raised for the first time in their Reply Brief that, she did not.  It was not unreasonable for the district court to find based on the records and Investigator Alvarado's testimony that she matched the employer's set Monday-Sunday workweek with the employer's set 29 day pay periods, resulting in a conservative and accurate determination of wages owed.  Further, the pay periods, as illustrated by both parties' references to employee Crystal Charles, appear to be matched to the corresponding hours worked.  Based on the thorough calculations and organized information provided by Investigator Alvarado, the court was able to make just and reasonable inferences to determine the wages owed.

Appellants argue that they rebutted the evidence put forth by the Secretary, such that the evidence the district court relied on cannot form the basis of reasonable inferences. This contention is unsupported.  Appellants directed the court to the same evidence relied on by the Secretary, but offered different explanations that the district court did not find credible.  Because Appellants' failure to keep records in accordance

with 29 U.S.C. § 211(c) created any difficulty that occurred in calculating the damages, Appellants cannot be heard to complain that the damages lack exactness and precision. See Anderson, 328 U.S. at 688. Appellants appear to have created a confusing system, where hours worked would coincide with pay checks sometimes given a month later, and through which Appellants denied employees overtime by characterizing their hourly wages as "other pay." At each stage of these proceedings, Appellants have raised new arguments regarding how the Secretary erred in calculating wages due, often contradicting their own previously offered theories of how the calculations erred.[5] This case illustrates well those circumstances under which the court "should not hesitate to award damages based on the 'just and reasonable inference' from the evidence presented." See Tony & Susan Alamo Found., 952 F.2d at 1052 (citing Anderson, 328 U.S. at 687). The court's determination of hours worked, based on reasonable inferences and detailed evidence from the Secretary, does not equate to clear error. We do not find that the district court was unreasonable in its determination of wages and interest owed.

---

[5]In their brief, Appellants argue that the Secretary did not calculate wages by the week, but rather using the assumption of a month containing 21 working days. A monthly approach is prohibited by the FLSA because it would permit an employer to fail to pay overtime wages where an employee worked overtime one week, but then part-time the next, and thus permit for lower overall pay. The Secretary credibly explained that the 21 working day periods for regular time were not months, but 29 calendar day pay periods created by Appellants. In either case, Appellants pivot in their Reply to assert that the Secretary did use a work-week to calculate overtime, but that it was the wrong week. "[W]e do not generally consider issues raised for the first time on appeal in a reply brief." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 932 (8th Cir. 2005).

IV.

The district court did not err in relying on the Secretary's evidence and calculations, nor in determining that Appellants are covered by the FLSA's overtime provisions.  We affirm the district court's judgment.

_____