# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2251
_____

Oral Moore

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: January 11, 2024
Filed: March 11, 2024
[Unpublished]
_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Oral Moore sues for damages under the Federal Tort Claims Act for malpractice by physicians at the Memphis Healthcare Center of the Department of Veterans Affairs. He sustained floppy glans and a shortening of penile length from

a surgical implantation of an inflatable penile prosthesis. The district court[1] granted the government's motion for summary judgment—and denied a motion to reconsider—because his claim failed as a matter of law, due to the burden of proof under the applicable state law. Moore appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms. *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (this court reviews de novo a grant of summary judgment).

"When a plaintiff brings a claim against the United States under the Federal Tort Claims Act, the controlling law is that of the state in which the act or omission occurred." *Day v. United States*, 865 F.3d 1082, 1086 (8th Cir. 2017), *quoting Chapa v. United States*, 497 F.3d 883, 887 n.2 (8th Cir. 2007). The conduct here occurred in Tennessee.

Under Tennessee law, in a healthcare liability action, a plaintiff must prove: "(1) The recognized standard of acceptable professional practice in the profession;" "(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard;" and "(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred." Tenn. Code Ann. § 29-26-115(a)(1)-(3). To be "competent to testify in any court of law to establish the facts required to be established by subsection (a)," an expert witness must be a licensed practitioner in either the state of Tennessee or a bordering state. Tenn. Code Ann. § 29-26-115(b).

Moore's expert witness was licensed to practice only in Pennsylvania, which does not border Tennessee, and, thus, was not competent to testify in this case. Without an expert that met the competency requirement, Moore failed to meet the statutory burden of proof. *See Legg v. Chopra*, 286 F.3d 286, 291 (6th Cir. 2002) ("The structure of the statute reflects the intimate relationship between the standard of care and the qualification requirements of the medical expert who will establish

---

[1]The Honorable Billy Roy Wilson, United States District Court Judge for the Eastern District of Arkansas.

that standard. Thus, there can be little doubt but that § 29-26-115(b) . . . applies in this federal" action applying Tennessee law.). *See also Davis v. Young*, 946 F.2d 894, at *3 (6th Cir. 1991) (Table) (discussing § 29-26-115(b)'s waiver provision, "The statute does not call for waiver when a party's preferred witnesses are not geographically qualified, but rather when no appropriate witnesses are qualified").

Moore claims the government waived the state-law deficiency by failing to assert it as an affirmative defense in an answer. *See* Fed. R. Civ. P. 8(c)(1). However, "the argument" that Moore did not meet his burden of proof "was not an affirmative defense, but simply negated an element of [Moore's] prima facie case." *Davidson & Schaaff, Inc. v. Liberty Nat'l Fire Ins. Co.*, 69 F.3d 868, 871 (8th Cir. 1995). *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). The government did not waive the state-law deficiency.

Moore raises many issues on appeal that he did not raise below. This court "will not ordinarily 'consider arguments raised for the first time on appeal.'" *Hiland Partners GP Holdings, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 847 F.3d 594, 598 (8th Cir. 2017), *quoting Cole v. UAW*, 533 F.3d 932, 936 (8th Cir. 2008). *See Brown v. La.-Pac. Corp.*, 820 F.3d 339, 348 (8th Cir. 2016), *quoting U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014) (this court "will typically not consider an issue or a new argument raised for the first time in a motion for reconsideration in the district court"). A party may not "assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment." *Id.* "We may notice plain error despite a failure to raise the issue below, but we generally do so only to prevent a miscarriage of justice." *Id.* (internal quotation marks omitted). Moore does not assert a miscarriage of justice, and no miscarriage exists on the record. The issues not presented to the district court are waived.

Moore raises two issues on appeal that do not affect the grant of summary judgment: compliance with a national standard of care, and the exclusion of the government's expert witness. This court affirms on both issues. *See* 8th Cir. R. 47(B). The district court also did not abuse its discretion in denying Moore's motion for Leave to File Sur Reply. *See Sterkel v. Fruehauf Corp.*, 975 F.2d 528, 532 (8th Cir. 1992).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____